*April,* 1886.

## PEOPLE *v.* WILLETT.

### MURDER—LARCENY—PLEADING—COMMON LAW COUNT.

An indictment in which the property stolen is specifically described, its ownership alleged, and its value stated at a sum greater than twenty-five dollars, and in which the theft is stated as follows: " did feloniously steal, take and carry away," contains a sufficient averment of the crime of grand larceny.

The above doctrine applied to an indictment for murder in the first degree under section 183, Penal Code, for killing a human being while engaged in the perpetration of a felony.

The use of the word "feloniously" is a sufficient averment of the intent necessary to constitute the crime of larceny, and the fact that the value of the property taken was more than twenty-five dollars, is sufficiently pleaded by alleging the full value.

The word "steals," as used in section 528, Penal Code, is defined by the statute itself as covering all the prescribed details, and its use in the indictment which charge the taking to have been felonious, or with a criminal intent, sufficiently includes the particular intent necessary to constitute the larceny.

On an appeal upon the record alone, bringing up an exception to an order overruling a demurrer to certain counts of an indictment for murder in the first degree a general verdict of guilty will be upheld if any count in the indictment be good.

Accordingly, where an indictment for murder in the first degree contained nine counts, to the first three of which—aiming to allege a murder perpetrated in the commission or the attempt to commit a felony—defendant demurred, and the demurrer was overruled and a general verdict of guilty was rendered:

*Held,* on an appeal on the record alone, whether the demurrer to the first three counts were properly overruled or not, as one of those remaining unassailed was the common law count for murder, the verdict should be sustained.

APPEAL from the judgment of the General Term of the Supreme Court of the Third Judicial Department affirming the judgment and conviction of the defendant, who was convicted of the crime of murder in the first degree at the Ulster County Oyer and Terminer in November, 1885, Hon. A. MELVIN OSBORNE, presiding, and sentenced to death.

The defendant was indicted at the Ulster county Oyer and Terminer, in February, 1884, for the murder of Edwin Kelland, committed on the night of the preceding January 8th, and was brought to trial at the Oyer and Terminer of said county in November, 1884, and convicted by the jury of the crime of murder in the first degree, and on December 9, 1884, was sentenced to death. He appealed from that judgment and conviction to the General Term of the Supreme Court, and the judgment and conviction were reversed upon questions of law exclusively, the court so certifying in the order of reversal. See 3 *N. Y. Crim. Rep.* 324. Defendant was brought to trial for the second time, at the Oyer and Terminer of said county, in November, 1885, and was again convicted of the crime of murder in the first degree, and on December 4, 1885, again sentenced to be hanged. From this judgment and conviction he again appealed to the General Term of the Supreme Court, which last appeal was brought on for argument at the General Term held at Albany, on the fourth Tuesday of January, 1886, and the judgment and conviction were affirmed.

From the judgment of that court this appeal was taken.

The only question presented by this appeal arose upon a demurrer to the first three counts of the indictment, on the ground that a crime was not stated therein. The demurrer was overruled. No bill of exceptions was filed on appeal to the General Term.

*William Lounsbury,* for the prisoner, appellant.

*A. T. Clearwater*, district attorney, for the people, respondent.—I. The demurrer was properly overruled. *Penal Code*, §§ 5, 183, 530–534; *Code Crim. Pro.* §§ 273, 283–286.

II. It will be borne in mind that the demurrer relates only to the first three counts of the indictment. As to the six counts not demurred to: No rule of criminal pleading is better settled than that if an indictment contains one good count, it is sufficient, although there may be other defective counts therein. Phelps *v.* People, 72 *N. Y.* 365; People *v.* Davis, 56 *Id.* 95; Guenther *v.* People, 24 *Id.* 100; Crichton *v.* People, 6 *Park Cr.* 363; 1 *Keyes*, 344; 1 *Abb. Ct. App. Dec.* 470; People *v.* Stein, 1 *Park Cr.* 202; Baron *v.* People, *Id.* 246; People *v.* Gilsinson, 4 *Id.* 26; La Beau *v.* People, 33 *How. Pr.* 70; Frazer *v.* People, 54 *Barb.* 306; People *v.* Herrick, 13 *Wend.* 91; Bieeschofsky *v.* People, 3 *Hun*, 40; Reed *v.* Keese, 60 *N. Y.* 616; Lyons *v.* People, 68 *Ill.* 272; Latham *v.* Queen, 9 *Cox Cr. Cas.* 516; Cook *v.* State, 49 *Miss.* 9; Estes *v.* State, 55 *Geo.* 131; Adams *v.* State, 52 *Id.* 565; Chappell *v.* State, 52 *Ala.* 359; 1 *Bish. Crim. Pr.* 2d ed. § 1015; 3 *Whar. Cr. L.* 7th ed. §§ 3208, 3209; People *v.* Gonzalez, 35 *N. Y.* 60; Wood *v.* People, 59 *Id.* 117. The defendant made no request that the jury designate by their verdict under which count they found a verdict of guilty, and the verdict being a general verdict of guilty — of murder in the first degree — *non constat*, but they found him guilty under one of the counts not demurred to and admitted to be good. Where an indictment contains several counts, some of which are good, the fact that some of the counts are bad does not make a conviction erroneous where the verdict is general. Hope *v.* People, 83 *N. Y.* 418; see opinion by RAPALLO, J., 424; Pontius *v.* People, 82 *Id.* 339; People *v.* Davis, 56 *Id.* 95, and cases above cited.

III. The statute defining homicide is not a rule of pleading, but a guide to the conduct of the trial, prescribing the proofs requisite to a conviction; and an indictment containing a count charging murder in the common law form, as do the eighth and ninth counts of the indictment at bar, if sustained by evidence, justifies a conviction for any of the degrees of felonious homi-

cide known to the law. This has been the well settled law in this State for upwards of half a century. People v. Enoch, 13 *Wend.* 159; People v. White, 22 *Id.* 167; Fitzgerald v. People, 37 *N. Y.* 413; Kennedy v. People, 39 *Id.* 245; Cox v. People, 80 *Id.* 500; People v. Conroy, 97 *Id.* 62; 2 *N. Y. Crim. Rep.* 565. This is the well settled rule in many of the other States. White v. Commo, 6 *Binn.* (*Penn.*) 179; Fuller v. State, 1 *Black* (*Ind.*) 63; Wicks v. Como, 2 *Brock* (*Va.*), 387; Mitchell v. State, 5 *Yerg* (*Tenn.*), 340; Mitchell v. State, 8 *Yerg*, 514; Com. v. Flanagan, 7 *Watts & Ser.* (*Penn.*) 415; Hines v. State, 8 *Hump.* (*Tenn.*) 597; Gehrke v. State, 13 *Texas*, 568; Wall v. State, 18 *Id.* 682; Livingston v. Com., 14 *Grat.* (*Va.*) 592; Com. v. Gardner, 11 *Gray* (*Mass.*), 438; People v. Dolan, 9 *Cal.* 576; Com. v. Desmarteau, 16 *Gray* (*Mass.*), 1; Green v. Com., 12 *Allen* (*Mass.*), 170; Witt v. State, 6 Cold. (*Tenn.*) 5; McAdams v. State, 25 *Ark.* 405; State v. Pike, 49 *N. H.* 399; State v. Thompson, 12 *Nev.* 140.

FINCH, J. — This appeal brings up the record alone, and raises merely a question of pleading. The indictment contains nine counts, each charging the prisoner with the crime of murder. To the first three a demurrer was interposed, upon the ground that they did not sufficiently charge the commission of the crime. They aim to allege a murder perpetrated while engaged in the commission of a felony, or in the attempt to commit it, the felony intended being the crime of grand larceny. The defects pointed out are omissions asserted to be necessary to a correct statement of that offense, and consist in a failure to charge the particular intent essential to the crime, and to describe it as grand larceny, so as to make it a felony. In the indictment the property stolen is specifically described, its ownership alleged, and its value stated at a sum greater than twenty-five dollars. The theft is then averred in this form: "Did feloniously steal, take and carry away." This language is identical with that used in Phelps v. People (72 *N. Y.*, 350), where it was held a sufficient averment of the crime of grand larceny, and in the precise words of the statute. The use of the word "feloniously" was deemed a sufficient averment of the intent necessary to

constitute the crime, and the value of the property taken was a sum larger than twenty-five dollars, which fact was pleaded by alleging the full value. We do not think this authority is made inapplicable by the later definitions of the Penal Code (§ 528). That section defines with considerable detail what acts shall constitute larceny and what intent shall characterize the crime, and in the end provides that he who, with such intent, does any of such acts, "steals such property and is guilty of larceny." The word "steals" is thus defined by the statute itself as covering all the prescribed details, and its use in the indictment which charges the taking to have been felonious, or with a criminal intent, sufficiently includes the particular intent needed to constitute the larceny. It was not in the least difficult for the prisoner to understand from the indictment the nature of the crime with which he was charged. We think the pleading sufficiently alleged the commission or attempt to commit the crime of grand larceny.

There is another answer to the argument in behalf of the prisoner. This demurrer was overruled, and at the close of the trial a general verdict of guilty was rendered. That verdict should be sustained if any count in the indictment is good (Phelps *v.* People, 72 *N. Y.*, 365; Hope *v.* People, 83 *Id.* 424), and the demurrer to the first three leaves the remainder unassailed and without objection. Two of these are the ordinary common law counts which through all the mutations of the statutes defining the crime of murder, and discriminating between its different degrees, we have held to be sufficient as a pleading to sustain a conviction. We have so recently and so fully discussed the subject that a repetition of our views is not needed. People *v.* Conroy, 97 *N. Y.* 62; 2 *N. Y. Crim.* 565. Those counts being good, and the verdict a general one, the conviction must be affirmed, irrespective of the question whether the first three counts were defective or not. The indictment largely follows old precedents, whose involved efforts at precision and profuse and awkward verbiage, leading to objections of the most technical character and opening doors to acute and refined criticism, it was the purpose of the Code of Criminal Procedure to reform. The reformation wins its way slowly, but it is our

duty to support it when sufficiently attempted, and to encourage the desired result. To sustain the common law form of an indictment for murder has been the steady ruling of the courts through all changes of definition and of practice, and we see no reason to depart from that policy unless by safe and prudent steps to permit that form when used to be further simplified and brought more nearly to the standard prescribed by the Code.

The judgment should be affirmed.

All concur, except RAPALLO, J., absent.