Mo. 17,622.

## HAMILTON v. THE STATE.

CRIMINAL LAW.—*Reasonable Doubt.*—*Evidence Insufficient.*—A conviction will not be affirmed where the evidence leaves standing a reasonable hypothesis of innocence.

SAME.—*Larceny.*—*Evidence Insufficient.*—A conviction of theft of money is not justified by evidence that the accused without apparent necessity pressed against the prosecuting witness while standing at the bar of a saloon, and afterwards resisted arrest, where there were a number of men in the saloon at the time, and the loss was not discovered until after the prosecuting witness had left the saloon and gone to another place where he might have lost the money.

SAME.—*Larceny.*—*Information.*—*Intent.*—The omission from an information for theft, of an allegation of an intent to deprive the owner of the property stolen, does not render it defective, where the charge is substantially in the language of section 2007, R. S. 1894, and qualifies the taking as felonious.

From the St. Joseph Circuit Court.

*F. M. Jackson* and *J. W. Talbot,* for appellant.

*W. A. Ketcham,* Attorney-General, and *O. M. Cunningham,* for State.

HACKNEY, J.—The appellant was prosecuted and convicted, in the circuit court, upon an information charging that he, with others, on the 18th day of March, 1895, at, etc., did "unlawfully and feloniously take, steal, and carry away, of the personal property of Jacob Miller, sixteen dollars in money, then and there of the value of sixteen dollars, contrary to the form and statute, etc."

The action of the circuit court, in overruling appellant's motion to quash the information, and his motion for a new trial, is assigned as error.

The sufficiency of the information is questioned,

because of the absence of an allegation that the money was taken with intent to deprive the owner of it. The charge is substantially in the language of the statute defining the offense, R. S. 1894, section 2007 ; R. S. 1881, 1934. This, ordinarily, is sufficient. *Smith* v. *State*, 85 Ind. 553 ; *Bates* v. *State*, 31 Ind. 72 ; *Malone* v. *State*, 14 Ind. 219. The word *feloniously*, employed in the charge, as said in *Scudder* v. *State*, 62 Ind. 13, "qualified and rendered criminal the   *   act." That word, as it is used in the statute defining the offense of larceny, was intended to supply that element of the ordinary definition of larceny implying criminal intent, and its use in the information was, for the same purpose, entirely sufficient.

That the conviction was not supported by the evidence, is next pressed upon our attention with much earnestness, and we have carefully read all of the evidence in the record. It was disclosed that the appellant and another young man were tramping through St. Joseph county when they came upon six other tramps with whom they remained over the night of March 17, and the next morning took the road with their newly chosen comrades. At about nine o'clock, of the forenoon of that day, the eight men reached the village of Littleton, in said county, and entered Rhinehart's saloon, where they remained until near noon. During their visit to the saloon, the prosecuting witness, Jacob Miller, visited the saloon twice, and on the second visit remained until the tramps went away. Miller and the tramps drank frequently and played cards together, and, just before the convivial party dispersed, while standing at the bar taking the final drink, the appellant pressed in against Miller, on the right, and between him and one Gross who stood very near. It is not clear that it was necessary for the appellant to do so that he might reach the

bar, but at that point he secured his glass and took the drink. When Miller went to the bar on this occasion, he had in a purse, kept in a pocket on the right hip, from fifteen to seventeen dollars in money, consisting of one ten dollar bill, one two dollar bill, and some silver money. That Miller had money in that pocket, the appellant had an opportunity to know. When this last drink had been taken, the appellant and his comrades left the room and went to Bremen, a point some six miles distant, leaving Miller and some others in the saloon. After the departure of the tramps, some two or three minutes, Miller went out of the building to an out house, and after he had been there from three to five minutes, he discovered that his purse and money were missing. Returning to the saloon, he remained some time, when he told his friend, Gross, that the "hobos" had taken his money, whereupon he and Gross drove to Bremen, where a posse was organized and armed and went out to arrest the tramps. The tramps were soon overtaken, and a number of shots were fired, ranging some where from fifty to four hundred, and whether by the posse only, or by the posse and the tramps, is in doubt, but, during the storm of shots, the appellant attempted to scale a fence and reach the marsh thicket beyond. This attempt was frustrated, and the appellant and six others of his comrades were arrested. This, we think, is a fair statement of all of the evidence in the record, upon which the State could rely to convict the appellant of the alleged crime, or to prove that a theft was committed. We have not, in this statement, attempted to weigh conflicts in the evidence, though there are a few which are of but little importance, but we have stated the facts as they appear most favorable to the appellee. In our opinion, the facts fall short of establishing conclusively the appellant's guilt.

The facts do coincide with the conclusion of guilt, but they do not exclude every reasonable hypothesis of innocence. They show a possible opportunity to have picked the pocket of Miller, but even this possibility is not enhanced by any fact which points surely and unerringly to the conclusions that the purse was taken from the pocket. The discovery by Miller, after the appellant had forced in between him and Gross, that he had lost his purse, was after the final drinks, was after the appellant had gone from the saloon some minutes, and after Miller had gone to an out house and remained some minutes longer. If the possible opportunity mentioned had been accompanied by any act indicating an effort, on the part of the appellant, to hide the purse, or if money, of the character of any of that lost, had been found in the possession of the appellant when arrested, such fact would have aided the conclusion that the money had been stolen, and that the appellant was the thief. If the evidence had excluded the hypotheses that no other than the appellant had an opportunity to take the money, and that instead of its having been taken, it had been dropped from Miller's pocket upon the floor, or while going to the out house, or in the out house, the case could have rested upon a stronger support. Instead of the evidence so showing, it fails to establish any search for the missing purse, and shows affirmatively that at the time it is claimed the appellant pressed between Miller and Gross, there were several others crowding about Miller.

Where the evidence leaves standing some reasonable hypothesis of innocence there can be no conviction, and when the record discloses that fact to the appellate tribunal, a judgment of conviction cannot be affirmed. It is not the rule that this court will not pass upon the sufficiency of the evidence to support the finding of the

lower court, but the rule is, as often declared, that this court will not weigh the evidence to pass upon conflicts therein, and will not disturb a finding which has evidence sufficient to support it when all contradictions and explanations of such evidence are disregarded. The transcript of the evidence in this case does not suggest a careful and accurate stenographic report of the testimony, and possibly there are omissions of evidence, upon which the able and learned judge of the lower court acted. However this may be, we are governed by the record as we find it.

The judgment of the circuit court is reversed, with instructions to grant the appellant's motion for a new trial, and the warden of the State's prison north is directed to return the appellant to the sheriff of St. Joseph county.

HOWARD, C. J., did not participate in this case.

Filed October 15, 1895.