[No. 4372.    Decided March 10, 1903.]

The State of Washington, *Respondent,* v. Michael Smith, *Appellant.*

CRIMINAL LAW — SUFFICIENCY OF INFORMATION — GRAND LARCENY — FAILURE TO CHARGE STEALING AS FELONIOUS.

An information charging grand larceny by alleging that defendant did "unlawfully steal, take, and carry away $785.00," etc., states a crime within the definition of Bal. Code, § 7108, which defines grand larceny as the feloniously stealing, taking, and carrying away of the property of another of the value of thirty dollars or more, since the use of the word steal implies a felonious taking, and hence is sufficient, under Bal. Code, §§ 6849, 6850, 6851, which provide that words may be used in an indictment or information conveying the same meaning as those used in the statute to define the crime; that the indictment or information is sufficient if it can be understood therefrom that the crime charged is set forth in ordinary and concise language, in such a manner as to enable a person of common understanding to

know what is intended, and that matters formerly deemed defects should not affect the sufficiency of the information, when not tending to the prejudice of the substantial rights of the defendant.

Appeal from Superior Court, Ferry County.—Hon. Charles H. Neal, Judge. Affirmed.

*G. V. Alexander,* for appellant.

*M. E. Jesseph,* Prosecuting Attorney, and *L. C. Jesseph,* for the State.

The opinion of the court was delivered by

Mount, J.—The appellant was convicted of the crime of grand larceny, and appeals from the judgment of conviction. The information, omitting the formal parts, was as follows:

"Comes now M. E. Jesseph, prosecuting attorney of Ferry county, state of Washington, and by this information accuses Michael Smith of the crime of grand larceny committed as follows: He, the said Michael Smith, on the 7th day of October, 1901, A. D., in the county of Ferry, state of Washington, then and there being, did then and there unlawfully steal, take and carry away $785, lawful money of the United States, the same being gold and silver coin of the property of one Frank O'Brien, with intent to defraud him, said Frank O'Brien, of his property, contrary," etc.

No demurrer was filed to this information. A plea of not guilty was entered, and a trial was had before a jury, which returned a verdict of guilty as charged. Motions for a new trial and in arrest of judgment were thereafter filed and denied by the court, and a judgment entered sentencing defendant to one year in the penitentiary.

The question presented by these motions and on this appeal is that the information does not state a crime be-

cause the word "feloniously" does not appear in the information. The statutes defining grand and petit larceny in this state are as follows:

"§ 7108 [Bal. Code]. Every person who shall feloniously steal, take and carry, lead or drive away the personal goods or property of another, of the value of thirty dollars or more, shall be deemed guilty of grand larceny, and upon conviction thereof shall be imprisoned in the penitentiary not more than fourteen years nor less than six months.

"§ 7109. Every person who shall feloniously steal, take and carry, lead or drive away the personal goods or property of another, under the value of thirty dollars, shall be deemed guilty of petit larceny, and upon conviction thereof shall be punished by a fine not less than twenty-five dollars nor more than one hundred dollars, or be imprisoned in the county jail not more than one month, or by both fine and imprisonment, in the discretion of the court."

Grand larceny is thereby made a felony, while petit larceny is a misdemeanor. Bal. Code, § 6773. It will be noticed that the only difference between the crime of grand larceny and that of petit larceny, as defined by these statutes, is in the value of the property taken. The words "feloniously steal" appear in each. Under the common law and in states where the words "feloniously steal" appear in the definition of a crime, it is necessary to use the word "feloniously" in charging the crime. But the rule of the common law and the decisions of the courts of other states are of little use in determining the sufficiency of an information under our statute, which provides, at § 6849, Bal. Code, as follows:

"Words used in a statute to define a crime need not be strictly pursued in the indictment or information, but other words, conveying the same meaning, may be used."

"§ 6850. The indictment or information is sufficient if it can be understood therefrom,— . . . 6. That the act or omission charged as the crime is clearly and dis-

tinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. 7. That the act or omission charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case."

Under these statutes it is not necessary that the word "feloniously" should be used to define the crime of grand larceny, if other words conveying the same meaning are used instead. The word "feloniously" means "with intent to commit a crime." (Webster.) The word "steal" means "to take and carry away feloniously—without right or leave." (Webster.) It implies a felonious taking. As the words are used in this statute the word "feloniously" refers to the intention with which the stealing is done. When it is alleged that the defendant *unlawfully stole* $785, *with intent to defraud the owner thereof,* the felony defined was sufficiently alleged to sustain a judgment after verdict. The information clearly and distinctly sets forth the facts charged as a crime in such manner as to enable a person of common understanding to know what was intended. Where no objections are taken to the information until after verdict, every reasonable intendment should be given in favor of the information. The statute upon this subject, at § 6851, Bal. Code, provides:

"No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of any of the following matters, which were formerly deemed defects or imperfections: . . . 4. For any surplusage or repugnant allegation, or for any repetition, when there is sufficient matter alleged to indicate clearly the offense and the person charged; nor, 5. For any other matter which was formerly deemed a defect or imperfection, but which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The omission of the word "feloniously" was formerly deemed a defect, but its omission in this case did not tend to the prejudice of any substantial rights of the defendant.

The case was fairly tried upon its merits upon the theory that a felonious stealing was alleged, and the evidence was sufficient to sustain the verdict. The jury was fully instructed upon the character of proof necessary to constitute the crime, and the court, at the request of the defendant, instructed the jury that it must find a felonious taking and a felonious intent, and carefully and minutely defined the meaning of the words "felonious taking" and "felonious intent."

We think the judgment should be affirmed, and it is affirmed accordingly.

ANDERS AND DUNBAR, JJ., concur.