## Davis v. Commonwealth.

(Decided September 24, 1913).

## Appeal from Fayette Circuit Court.

1. Verdict—Verdict in Criminal Case Will Not Be Disturbed Unless Palpably Against Evidence.—The court will not disturb a verdict in a criminal case unless palpably against the evidence, and under this rule, a verdict finding the defendant guilty of stealing money will not be disturbed when based on circumstances on which the conclusion of the jury was not palpably unwarranted.

2. Larceny—Evidence of—Competency.—When the defendant has in his possession soon after the theft, a large sum of money, when

he had none before, this is a comp.tent fact, though the money he so had is not identified with that stolen.

FRED FARRIS for appellant.

JAMES GARNETT, Attorney General D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Joe Davis was indicted in the Fayette Circuit Court for grand larceny, in stealing from Harry Hill $100; and having been found guilty, he appeals from the judgment entered on the verdict, insisting that the evidence is insufficient to warrant a conviction.

The facts shown by the evidence are about these: Harry Hill was 75 years old. He was a pensioner and was paid on Saturday, June 1, $117, $100 of this being in $10 bills. Hill lived in a house which consisted of three rooms, one behind the other. Hill occupied the center room, Davis the room back of him, and a man named Coleman the front room. The bolt on the door between Hill's room and Coleman's room was on Hill's side of the door; the bolt on the door between Hill's room and Davis' was on Davis' side of the door. On Sunday evening Hill was in his room alone, and placed his money in a pocket of his vest which he hung up on the wall. It began to rain so he could not go out, and he fell asleep. Both doors were closed. When he waked up his money was gone and the door between him and Coleman was still bolted, but the door between his room and Davis, was not fastened. Davis owed Hill $4.50 for room rent. Hill asked Davis the next morning for his rent. Davis gave him one dollar and said that he had only sixty cents left, and he was going to buy him something to eat with that; that this was all the money he had. On that day, Davis deposited with another to hold for him $60 in ten dollar bills, saying that he had made the money on a horse race. On that evening he was treating another and had more than $10 in silver. On that night Hill heard him tell his wife that he had got some money and was going away. The next morning Hill saw him with a new pair of pants on and had him arrested. Davis told the detective who arrested him that he won the $60 on a horse race, but he did not know the name of the horse; that the race was run at Baltimore. Davis

testified that he had $35 which he had made and saved; that he put this in the hands of a man named Williams to bet on the Derby at Louisville, and that Williams paid him $60 as his part of what they had after the betting. Williams was not produced at the trial, and no effort appears to have been made to obtain his testimony. Davis admits that he did not sleep at home Sunday night, and was not there when Hill discovered the loss of his money. His account of how he came by the $60 and the pair of pants is unsatisfactory, and we cannot say that the conclusion of the jury was unwarranted, although he proved by a number of witnesses that he was of good character. The parties were all negroes, and while there was some conflict in the testimony, the fact that the money was stolen is indubitably established. Davis' conduct on Monday was that of a man who had suddenly come into the possession of money, and if his evidence is true, he had had the $60 for some days.

While it is true the six ten dollar bills which Davis gave to another to keep for him were not identified in any way with the ten dollar bills which Hill had lost, the fact that Davis had this much money on Monday when he had not the money Monday morning to pay his rent, was a competent circumstance to show that he had gotten Hill's money. The fact being established that Hill's money had been stolen, the question to be determined was, who stole it. And this proof was competent on that question. When money has been stolen, the State may identify the person who stole it by circumstantial evidence, and the fact that a person has soon afterwards an unusual quantity of money, which he did not have before, is, when coupled with other circumstances, convincing evidence, although the identity of the money with that stolen is not shown. The case does not turn on the identity of the six ten dollar bills with the ten ten dollar bills, which were stolen from Hill. The question to be determined being, who stole Hill's ten ten dollar bills, the jury had a right to take into consideration Davis' opportunity to get the money, his leaving his house in the night and spending the night elsewhere, his being without money theretofore, his having money the next day, his unusual spending of money as well as his unsatisfactory explanation of these facts.

Judgment affirmed.