SOMMERVILLE, J.
Defendant was indicted with having willfully and feloniously, without the knowledge or consent of the owner, marked the ears of a certain heifer calf, belonging to one John J. Chester, marking said calf with a “crop and a split” in each ear; said mark being the property mark for live stock of the said Luron Dickerson, etc.
*150 Defendant moved to quash the indictment for the following reasons:
“Appearer shows that the only law of this state which denounces the felonious or malicious branding, or altering or defacing the mark or brand of neat cattle is Act No. 8 of the General Assembly of the state of Louisiana of the Extra Session of 1870, approved March 16, 1870, which provides a penalty for the felonious or malicious marking or branding or altering, or defacing the mark or. brand of neat cattle. Appearer shows that the crime, or offense, of such felonious or malicious marking or branding, etc., of neat cattle is not created in said act, and is not definitely defined in said act, and is not defined in any other statute of the state of Louisiana.
“Appearer shows that therefore said crime or misdemeanor, if there be such a crime or misdemeanor, must be defined and considered according to the common law of England, as it existed prior to and at the time of the enactment of the act of the General Assembly of the state of Louisiana of 1805, approved March 4, 1805; and appearer shows that no such crime or misdemeanor was known to the common law of England. And that such crime or misdemeanor has never been created or defined by any statute of this state, and that, therefore, no conviction could be had under said Act No. 8 of the Extra Session of 1870, or under any other law of this state. Appearer further shows that at the time of the passage of said Act No. 8 of the Extra Session of 1870 the Constitution of the state of Louisiana of the year 1868 was in force and effect; and appearer shows that article 114 of the Constitution of 1868 reads as follows:
“ ‘Article 114. Every law shall express its object or objects in its title.’
“Appearer shows that the title of said Act No. 8 of the General Assembly of the state of Louisiana of the Extra Session of 1870 reads as follows:
“ ‘An act relative to crimes and offenses.’
“Appearer shows that said title to said act does not express its object or objects, and that therefore the said act is broader than its title, and is violative of said article 114 of the Constitution of 1868, and is therefore null and void and of no effect and should be decreed to be null and void and of no effect. * * * ”
[3] The objection that the act is broader than its title is without merit. The act has been on the statute books for more than 40 years, numerous convictions have been had thereunder, and it has not been attacked on such ground before this time. The Constitution of 1868, article 114, provides:
“Every law shall express its object or objects in its title.”
And the title, “An act relative to crimes and offenses,” clearly expresses the objects, or the various crimes which are denounced in the act. The title is very similar to that used by the Legislature in 1870, in the acts amending and re-enacting the Civil Code and the Code of Practice of the state. It is the same as the title to act No. 120, of 1855, which is “An act relative to crimes and offenses,” wherein many crimes are defined and penalties provided for, under article 115 of the Constitution of 1852, which provides:
“Every law enacted by the Legislature shall embrace but one object, and that shall be expressed in the title.”
[1] Turning now to a consideration of that portion of the motion to quash the indictment on the ground that section 3 of Act No. 8, Extra Session 1870, p. 50, does not define a crime or misdemeanor, because it does not provide for the punishment of one who marks or brands, or alters or defaces the mark or brand of, certain animals, “the property of a third person,” we find that it, also, is without merit.
The section of the act reads:
“Section 3. Be it further enacted, etc., that whoever shall wound or kill any neat cattle, hog, sheep or goat, the property of another, with intent to steal the same; whoever shall feloniously or maliciously mark or brand, or alter or deface the mark or brand of any horse, mare, gelding, colt, ass, mule, neat cattle, hog, sheep, or goat, and all persons present, aiding, abetting or assisting therein, shall, on conviction, 'be imprisoned at hard labor or otherwise not exceeding two years, and fined not exceeding one thousand dollars, at the discretion of the court.”
The intention of the Legislature in adopting the section is clear, and the language used is not ambiguous. The title to the act is “An act relative to crimes and offenses,” and the language of the section cannot be made to apply to owners of animals marking or branding, or altering or defacing the marks or brands of, animals belonging to themselves. The “crime” or “offense,” which was made punishable by hard labor or by the imposition of a fine, was the marking or al *152 tering or defacing the mark on animals belonging to another person. This is indeed so clear that the court, in the case of State v. Johnson, 29 La. Ann. 717, wherein the question was not raised as to whether the animal was the property of another or not, held as follows:
“The second ground of error assigned is that the court erred in refusing a new trial, because the only offense proved against the accused was that of ‘marking a calf,’ which does not constitute larceny.
“That such is the law is beyond question, and a bill of exceptions in the record makes it almost certain that altering the marks of a calf, the property of another, which is of itself a * * * distinct offense, was the extent of that proved against the accused.”
[2] The language of the section Is:
“Whoever shall feloniously or maliciously mark or brand,” etc.
The words “feloniously” and “maliciously” necessarily apply to crimes and offenses, and cannot refer to the marking of animals belonging to oneself. They necessarily refer to the marking or altering the marks on animals belonging to another.
A felonious act is an illegal, or an unlawful, act. The word “feloniously” was used by tbe Legislature, as declared in the title to the act under consideration, with reference to crimes or offenses. As was said in the case of State v. Mix, 8 Rob. 549:
“It (feloniously) may be considered as descriptive of the state of mind under which the act was perpetrated.”
And we are compelled to apply the words in the statute as descriptive of the crime of marking or defacing the mark on an animal belonging to another person.
“The word ‘feloniously’ is descriptive of the act charged. It means that the act was done with the mind bent on that which is wrong, or, as it has been sometimes said, with a guilty mind.” 3 Words and Phrases, 2731.
“Felonious” is defined by Webster to be “malignant, malicious, villainous, traitorous, perfidious.”
The object of the act, as expressed in the title, is to punish crimes and offenses.
A crime is:
“An act or omission which is prohibited bylaw as injurious to the public and punished by the state in a proceeding in its own name or in the name of the people or the sovereign.” 12' Oyc. 129.
Act No. 8 forbids marking or branding of cattle feloniously or maliciously. The marking of one’s own cattle is not an act prohibited by law; it is not unlawful; on the-contrary, Act No. 46 of 1855, p. 38, is “An act relative to the brands and marks of animals,” and it provides for tbe marking of animals by tbe owners thereof, and the inscription of the brands and marks used by said persons in the offices of the several recorders of the state.
“The term ‘felonious,’ when used in the statute, shall be construed as synonymous in meaning with the word ‘criminal,’ and the word ‘feloniously’ when so used, as synonymous in meaning with the word ‘criminally.’
“ ‘Feloniously’ in a legal sense means done with intent to commit a crime.
“The word ‘feloniously’ is essential to all indictments for a felony, for it alone can express the intent, the very offense.
“ ‘Feloniously’ is a word of far 'broader and more criminal meaning than the word ‘unlawfully,’ as the word is used in an indictment charging that an act was ‘feloniously’ done. An act cannot be ‘feloniously,’ and not ‘unlawfully,’ done, but it may be ‘unlawfully’ done,, without being ‘feloniously’ done.”
3 Words and Phrases, 2731 et seq.
It may well be that the Legislature designedly omitted from the latter clause of section 3 under consideration the words “the property of another”; for the statute, as it stands, would provide for the punishment of feloniously or maliciously marking or branding, or altering or defacing tbe marks or brands, of any horse, etc., where such crime or offense is perpetrated upon mavericks:
“Bullocks aid heifers that have not been branded, and are unclaimed or wild.”
The statute makes it unlawful for any one' other than the owner to brand such animals.
The statute in question is not equivocal; it does not admit of a double meaning. All persons who mark or brand, or alter or de *154 face the marks or brands' of, any animal, .and all persons aiding or assisting therein, where the animals do not belong to the persons marking or defacing them, are guilty •of a crime, and are punishable under the statute.
The motion to quash should have been overruled.
It is therefore ordered, adjudged, and decreed that the judgment in this case be .annulled, avoided, and reversed; the motion to quash is overruled; and this case is remanded to the district court to be there proceeded with in accordance with law.-