## Board of Council City of Danville v. Commonwealth.

(Decided April 30, 1918.)

### Appeal from Boyle Circuit Court.

1. Evidence—Testimony of Physician as Expert.—Where a physician has held for several years the office of county health officer, is shown to be a skilled and reputable physician of several years' experience, and his acquaintance with a septic tank and sewerage system used by a city, together with his knowledge of sanitary matters, enable him to understand the conditions likely to produce disease, he is qualified to testify as an expert respecting the conditions existing in and about the septic tank, and to express an opinion as to whether the tank is inadequate in capacity to dispose of the sewage flowing into it; and also whether the conditions existing at and about it are a menace to the health or comfort of the residents of the community.

2. Criminal Law—Submission to Jury—Appeal and Error.—In the trial of a criminal or penal case the rule is well established that where there is any evidence, however slight, conducing to show the guilt of the accused, the case should be submitted to the jury; and the Court of Appeals will not reverse a judgment on the ground that it is against the evidence, unless it is flagrantly so.

3. Evidence—Submission to Jury—Nuisance.—The evidence in this case, wherein appellant was convicted of maintaining a nuisance, examined; and held sufficient to authorize the submission of the case to the jury.

CHENAULT HUGUELY and C. C. BAGBY for appellants.

EMMETT PURYEAR for appellee.

Opinion of the Court by Chief Justice Settle— Affirming.

The Board of Council of the appellant, City of Danville, was convicted and its punishment fixed at a fine of $200.00 under an indictment in the Boyle circuit court charging it with the common law offense of creating and maintaining a nuisance in that it did unlawfully, wilfully, negligently and continuously, within and for as much as a year before the finding of the indictment, permit its sewage field and place of discharge for sewage from its public sewer system to become overtaxed and inadequate, and thereby produce and emit foul and loathsome odors and become a breeding place for germs, dangerous to the health and destructive of the comfort of citizens residing in the neighborhood.

So much of the sewerage system of the city of Danville as is involved in this prosecution is located in the western section of the city. The sewage is collected at a central point from where it is conducted in underground pipes to a septic tank. This tank is underground and covered in such a way as to exclude the air. After confinement for some time of the sewage in this tank, fermentation sets up, producing a certain germ which is supposed to attack and kill the disease producing germs throughout the sewage system. Following this process of fermentation the sewage is conducted from this underground septic tank to another underground box from which it is distributed into a series of underground porous tiles leading into what is known as an absorption field or fields where it is left until the ground becomes saturated, when it is then required to be turned into another field for further process of absorption.

The septic tank and absorption field is located on the side of a hill and in a bottom six hundred yards from Harrodsburg Street, four or five hundred yards from Lexington Street and about the same distance from residences on High and Sixth Streets.

Appellant assigns as error: (1) The admission by the trial court of incompetent evidence; (2) that the verdict of the jury is unsupported by the evidence.

The evidence objected to was that furnished by the testimony of Dr. Montgomery, introduced in behalf of the Commonwealth; it being argued that he is not an expert as to the matters with respect to which he testi-

fied. We regard this complaint without merit. Dr. Montgomery was shown to be a skilled and reputable physician of several years' experience and is also county health officer. His study of sanitary matters and his experience in dealing with the conditions likely to produce disease were sufficiently shown, as was his familiarity with appellant's septic tank and sewerage system in the city of Danville. We think, therefore, that he was qualified to testify as an expert in regard to the facts elicited from him. According to his testimony his familiarity with the sewage plant has enabled him to know the conditions existing about it for as much as three years and he resides on Maple Avenue near the septic tank and adjacent absorption field. It also appears from his statements that there are sixty or seventy houses on Maple Avenue attached to the drain leading to the septic tank and twelve or thirteen residences and two large flats attached to the drain on St. Mildred's Court, and that the dormitory of Center College is also attached to the drain. He expressed the opinion that the tank is inadequate in capacity to carry off the sewage which flows to it, which opinion he based upon the fact that he had seen water come up through the manholes and in the field where the pipes are located and had observed that a foul and filthy substance flows over the ground thereabouts to the extent of at least a quarter of an acre. And further, that this material was green and slimy; that it emitted a very offensive odor and could be smelled as far as his residence, depending on the direction from which the wind came, and that the conditions produced thereby were dangerous to the health of the community.

In addition to the testimony of Dr. Montgomery, other witnesses, Bedo, Logan, Carter, Robertson and Duncan, testified as to the unsanitary conditions resulting from appellant's use of its septic tank and sewerage system. These witnesses all lived within five or six hundred yards of the plant and all said that the ground about the tank and the absorption field was much of the time saturated with the sewage and in large measure covered with a green and slimy substance, the odor from which created such a stench as that it was often carried to their homes and permeated the surrounding atmosphere; some of them claiming that it caused them and their families such annoyance as compelled them,

a. times, to keep the doors of their dwellings closed, and that these conditions had existed for the last five years. According to the further testimony · of these witnesses the bad odors were strongest on damp days and when the manholes were overflowed.

Manifestly, the evidence thus furnished of the conditions referred to show that they certainly were discomforting and annoying to the residents in the vicinity of the sewage plant and were calculated to produce ill health among their families and other residents of the city.   The witnesses introduced for the appellant were the manager of the sewage plant, certain employees of the city and two or three other persons residents of the city having no connection with its government; and while the testimony of these witnesses all conduced to prove the adequacy of the septic tank and of the sewage system generally, and also to disprove the likelihood of disease being caused by the existing conditions, some of them admitted that the overflows testified to by the Commonwealth witnesses about the manholes sometimes occurred and that there were occasional odors from near the tank and absorption fields, which they attributed, however, to the existence of certain privies at the homes of a few colored persons located near the septic tank.

We think it clear that the evidence introduced in behalf of the Commonwealth tending to show appellant's guilt of the offense charged in the indictment, was at least as strong as that introduced in its behalf tending to show its innocence of the offense; and that the evidence · as a whole imperatively required the submission of the case to the jury.   The rule is that where there is any evidence, however slight, tending to show the guilt of the accused the case should go to the jury; and this court is never authorized to reverse a judgment on the ground that the verdict is against the evidence, unless it is flagrantly so.   Davis v. Commonwealth, 154 Ky. 774; Gordon v. Commonwealth, 136 Ky. 508; Jones v. Commonwealth, 158 Ky. 533; Knipp v. Commonwealth, 159 Ky. 775; Ackerman v. Commonwealth, 176 Ky. 753.

For these reasons the verdict finding appellant guilty of the nuisance charged in the indictment cannot be disturbed by us.   Wherefore, the judgment is affirmed.