## STATE *vs.* LINWOOD CASTNER.

## Lincoln.    Opinion December 22, 1922.

*An indictment for statutory rape of a female over fourteen years of age must allege the three essential elements, of unlawful carnal knowledge, by force, and without her consent.*

On motion in arrest of judgment after conviction it is

*Held:*

1. That the crime of rape against a female over fourteen years of age contains three essential elements: the unlawful carnal knowledge, force, and lack of consent.
2. The unlawful carnal knowledge and the lack of consent are sufficiently set forth in this indictment; but the allegation of force is not to be found.
3. The word "feloniously" is of general signification and means with criminal intent. At common law it is a technical word employed in indictments charging a felony, and it is not equivalent to the words of the statute "by force."
4. The allegation of assault in the first part cannot be brought forward to supply the defect. That allegation might afford a jury the right to bring in a verdict of guilty of assault and battery, but there is no sufficient allegation that the carnal knowledge was accomplished by force, and that is indispensable.
5. While frivolous technicalities are to be frowned upon, yet all the essential and vital elements of a criminal charge must be included in the indictment.

On exceptions. The respondent was indicted for rape, tried and found guilty. After conviction he filed a motion in arrest of judgment alleging that the indictment was fatally defective in that it did not contain a sufficient allegation that the carnal knowledge was accomplished by force. The presiding Justice overruled the motion and respondent excepted.

Exceptions sustained. Indictment quashed.

The case is stated in the opinion.

*George A. Cowan, County Attorney,* for the State.

*M. A. Johnson,* for the respondent.

SITTING: CORNISH, C. J., SPEAR, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. After conviction of the crime of rape the respondent attacks the indictment by a motion in arrest of judgment. The

statute under which this indictment was brought reads as follows: "Whoever ravishes, and carnally knows, any female of fourteen or more years of age, by force and against her will, or unlawfully and carnally knows and abuses a female child under fourteen years of age, shall be punished by imprisonment for any term of years." R. S., Chap. 120, Sec. 16.

The indictment in question is based on the first part of the section and is in the following form, omitting immaterial portions: That the respondent "In and upon one Blanche M. Gross, a female of the age of more than sixteen years, to wit, of the age eighteen years, with force and arms, violently and feloniously did make an assault, and her, the said Blanche M. Gross then and there feloniously did unlawfully and carnally know and abuse against her will, against the peace of the State" &c.

Does this constitute a legal charge of rape? We think not. The indictment contains two distinct parts. The first part seems to be a sufficient charge of assault, "with force and arms violently and feloniously did make an assault." Then follows the allegation intended to cover the charge of rape, viz.: "And her, the said Blanche M. Gross then and there feloniously did unlawfully and carnally know and abuse against her will." This does not contain all the necessary elements of rape of a girl more than fourteen years of age. We are not considering statutory rape of a female under fourteen years of age where the element of force is not necessary, *State* v. *Townsend,* 118 Maine, 380, but the crime here was against one of greater age, which has the same elements as rape at common law. Those essential elements are threefold: the unlawful carnal knowledge of a female, by force, and without her consent. The unlawful carnal knowledge and the lack of consent are sufficiently set forth in this indictment, but the element of force is not to be found, and that is essential and vital because "the essence of the crime is said to be not the fact of intercourse but the injury and outrage to the modesty and feelings of the woman by means of the carnal knowledge effected by force." 22 R. C. L., page 1172. Nor is there any word in the allegation equivalent to force. "Feloniously" cannot supply it. That word is of general signification and means with criminal intent. At common law it is a technical word employed in indictments charging a felony. The word "ravish" used in the statute was not employed in the indictment. Nor can the allegation of assault in the first part

be brought forward to supply the defect. That allegation might afford a jury the right to bring in a verdict of guilty of assault and battery; *Commonwealth* v. *Thompson*, 116 Mass., 346; *Commonwealth* v. *McCarty*, 165 Mass., 37; but there is no sufficient allegation that the carnal knowledge was accomplished by force, and that is indispensable.

While frivolous technicalities are to be frowned upon, *State* v. *Littlefield*, 122 Maine, 162, yet all the essential and vital elements of a criminal charge must be included in an indictment.

*Exceptions sustained.*
*Indictment quashed.*