### Garrett v. Commonwealth.

(Decided June 25, 1926.)

Appeal from Perry Circuit Court.

1.  Homicide—Where Accused Claimed Bottle Killing Deceased was Thrown at Wall to Frighten Another, Failure to Instruct on Involuntary Manslaughter Held Error.—Where deceased was killed

by bottle thrown by accused, claimed by state to have been thrown at another, but claimed by accused to have been thrown at wall to merely frighten that other, failure to instruct on involuntary manslaughter held error.

2. Homicide—Proper instructions to be given on trial of prisoner for killing deputy jailer with bottle, claimed by him to have been thrown to frighten another, indicated.

SAUFLEY & WARD for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant, whom we shall call the defendant, was charged with the murder of Jack Brewer. He was convicted and his punishment fixed at confinement in the penitentiary for life. This homicide occurred in the Perry county jail, wherein defendant was a prisoner, and deceased a deputy jailer. On the morning of August 19, deceased came into the jail for the purpose of feeding the prisoners. Defendant had had some trouble with a woman in the jail, who had used very insulting and abusive language to him, and the record discloses that he had made some threats about what he would do to her when the door to the women's department was opened. Deceased opened this door and was engaged in feeding the prisoners when a bottle thrown by defendant struck him on the right side of his head, back of his ear, and severed an artery, from which deceased bled to death within a few minutes.

It is claimed for the Commonwealth that defendant had thrown this bottle at this woman while the defendant claims he threw it at the wall with the intention of having it burst and frighten the woman. The evidence to support the contention that the bottle was thrown at the woman is rather meager, still, there is some evidence to that effect. The bottle was a half-pint whisky bottle, and was thrown with such force that it crushed or cut through the skull bone of deceased.

The court committed error in failing to instruct on involuntary manslaughter. The court, upon the retrial of this case, will instruct the jury thus:

1. If you shall believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Ollie

Garrett, in Perry county, Ky., and before the finding of the indictment herein, wilfully, feloniously, and of his malice aforethought, threw a bottle at a woman, whose name is now unknown, and struck and wounded the deceased, Jack Brewer, with said bottle, from the effects of which striking and wounding the deceased, Jack Brewer, immediately languished and died, then you will find the defendant guilty of wilful murder, as charged in the indictment, and fix his punishment at death, or at confinement in the state penitentiary for life, in your discretion.

2.   If you shall believe from the evidence beyond a reasonable doubt, that the defendant, Ollie Garrett, in Perry county, Ky., and before the finding of the indictment herein, wilfully, feloniously, and in sudden heat and passion, or in sudden affray, and without previous malice, threw a bottle at a woman whose name is now unknown, and struck and wounded the deceased, Jack Brewer, with said bottle, from the effects of which striking and wounding the said Jack Brewer immediately languished and died; or, if you shall believe from the evidence beyond a reasonable doubt, that the defendant, Ollie Garrett, in Perry county, Ky., and before the finding of the indictment herein, threw a bottle that struck and wounded Jack Brewer, from the effects of which striking and wounding said Brewer immediately languished and died, and that such bottle was such an instrument as was reasonably calculated to produce death when used by a person of defendant's physical strength, and in the manner in which it was used by him on the occasion mentioned in the indictment, and that the striking and wounding of said Brewer therewith was the direct and natural though unintentional result of a reckless, wanton and grossly careless use or throwing of said bottle by the defendant, when he knew or by the use of ordinary reason should have known, it was dangerous to life if so used or thrown by him, then in either event, the defendant is guilty of voluntary manslaughter, and you ought to so find, and fix his punishment at confinement in the state penitentiary for a period of not less than two, nor more than twenty-one years, in your discretion.

3.   If you shall believe from the evidence that the defendant threw said bottle without the intention of striking any one therewith, or at a wall with the intention of frightening some one, but shall believe from the evidence, beyond a reasonable doubt, that the bottle in question was

reasonably calculated to produce death when used by a person of defendant's physical strength and in the manner in which it was used by him on the occasion in question, and that the killing resulted from his careless throwing of the bottle, then you should find him guilty of involuntary manslaughter, and fix his punishment at a fine in any sum in your discretion, or confinement in the county jail for any length of time in your discretion, or you may both so fine and imprison him in your discretion.

4. a. The words, "wilful" and "wilfully" as used in these instructions, mean intentional, not accidental, nor involuntary.

b. The word, "feloniously" as used in these instructions, means proceeding from an evil heart or purpose, done with deliberate intention of committing a crime.

c. The phrase, "malice aforethought" as used in these instructions means a predetermination to do the act of killing without legal excuse, and it is immaterial at what time before the killing such a determination was formed.

5. If there is a reasonable doubt of the defendant's being proven to be guilty under instructions 1, 2, or 3, he is entitled to an acquittal.

6. If there is a reasonable doubt of the degree of the offense defendant committed, if any, he should only be convicted of the lower degree. Voluntary manslaughter is a lower degree of the offense of murder, and involuntary manslaughter is a lower degree than voluntary manslaughter.

The judgment is reversed.

The whole court sitting.