STATE, Respondent, v. GREEN, Appellant.

*No. State 71. Argued September 4, 1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 634.)

For the appellant there were briefs by *James A. Walrath* and *Shellow & Shellow,* all of Milwaukee, and oral argument by *James M. Shellow.*

For the respondent the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

PER CURIAM. The action was commenced on March 9, 1970, with a complaint charging Gilbert Green with the violation of sec. 944.21 (1) (a), Stats. (possession for sale of obscene material). The defendant was convicted following a jury trial, and a fine was imposed. The appeal is taken from the judgment of conviction and from an order denying motions after verdict.

Our disposition of this case is governed by *State v. Schneider,* ante, p. 563, 211 N. W. 2d 630. As in *Schneider,* the attorney general petitioned this court to confess error because the information in this case failed to allege scienter. The information stated: ". . . the said Gilbert Green did Unlawfully, feloniously sell lewd, obscene or indecent pictures . . . ." Upon the original consideration of the

attorney general's motion to confess error, the motion was denied and the matter was reserved to abide the presentation of the case on appeal. On appeal the attorney general posed the same arguments as made in *Schneider*.

We conclude that, consistent with our ruling in *Schneider*, the information was void. It did not charge scienter, and it was therefore jurisdictionally defective. Had there been a valid complaint in the case, we would conclude that the magistrate had jurisdiction to proceed to the bindover to the trial court. If such were the circumstance, we would remand the case for further proceedings subsequent to the bindover. However, our examination of the record shows that the complaint was fatally flawed in that it, too, failed to allege scienter. Accordingly, as in *Schneider*, no court acquired jurisdiction over the defendant.

The motion of the attorney general to confess error is granted. The proceedings in the action are set aside as being wholly void, and the judgment, sentence, and order are vacated. Since no jurisdiction was acquired over the defendant, future prosecution, not barred by the statute of limitations, may be initiated in the discretion of the prosecutor.

ROBERT W. HANSEN, J. *(dissenting).* The amended information charged that the defendant did "unlawfully, feloniously sell lewd, obscene or indecent pictures" contrary to sec. 944.21 (1) (a), Stats. Did the two words— (1) "unlawfully," and (2) "feloniously"—plus the reference to the specific statute involved, sufficiently allege that the defendant "intentionally" sold such allegedly obscene pictures? [1] The writer would follow the near

---

[1] *See: Court v. State* (1971), 51 Wis. 2d 683, 688, 188 N. W. 2d 475, stating: "Scienter is, of course, a necessary element of the crime of sale or possession for sale of obscene materials. . . . Scienter is the knowledge or awareness of the nature of the materials alleged to be obscene.

universal rule in other state jurisdictions that the word "feloniously," even standing alone, is a sufficient averment of the intent necessary to constitute the crime charged.[2] The use of two words—"unlawfully" and

"Sec. 939.23 (3), Stats., defines the word, 'intentionally.' As so defined, it means that a defendant '. . . must have knowledge of those facts which are necessary to make his conduct criminal . . . .' The phrase, 'feloniously and intentionally,' used in the complaint, under the statutory definition, constitutes a sufficient allegation of an element of scienter. . . ."

[2] ". . . 'feloniously' means 'with intent to commit a crime.'" *State v. Smith* (1903), 31 Wash. 245, 248, 71 Pac. 767.

"The word 'feloniously' means criminal intent." *People v. Dumar* (1886), 5 N. Y. Crim. Rep. 55, 57.

"The word 'feloniously,' in an indictment, means with 'criminal intent.'" *United States v. Marzani* (D. C. D. C. 1947), 71 Fed. Supp. 615, 618.

" 'Felonious' means 'with intent to commit a crime.'" *Grooms v. State* (1923), 85 Fla. 413, 414, 98 So. 296.

" 'Feloniously' in a legal sense means done with intent to commit a crime." *State v. Dickerson* (1916), 139 La. 147, 151, 71 So. 347.

" '[F]elonious,' when used in defining the crime of robbery or larceny, implies an intent to steal." *State v. Fordham* (1904), 13 N. D. 494, 101 N. W. 888.

" '[F]eloniously' means . . . done with deliberate intention of committing a crime." *McVey v. Commonwealth* (Ky. App. 1954), 272 S. W. 2d 33.

"The word, 'feloniously,' means . . . done with deliberate intention of committing a crime." *Garrett v. Commonwealth* (1926), 215 Ky. 484, 487, 285 S. W. 203.

". . . 'feloniously' . . . means 'with criminal intent.'" *Butts v. Commonwealth* (1926), 145 Va. 800, 812, 133 S. E. 764.

"The technical word 'feloniously,' when applied to an act, means that it was done with the intent to commit the crime named in the information." *State v. Halpin* (1902), 16 S. D. 170, 171, 91 N. W. 605.

"The word 'feloniously' is descriptive of the act charged. It means that the act was done with a mind bent on doing that which is wrong. . . ." *State v. Rechnitz* (1898), 20 Mont. 488, 491, 52 Pac. 264.

"The word 'felonious,' when used in an indictment, means that the act was done with the intent to commit the crime, that is, with the design on the part of the perpetrator to commit the felony

"feloniously"—strengthens the case for so holding.[3] These two words, plus the phrase "contrary to sec. 944.21 (1) (a), Stats." fully and adequately informed the defendant of the elements of the crime with which he was

with which he is charged." *State v. Boyle* (1870), 28 Iowa 522, 525.

"The word 'feloniously' . . . means 'done with intent to commit crime.' " *State v. Hughes* (1909), 31 Nev. 270, 274, 102 Pac. 562.

"It is said that the word 'feloniously' signifies an intent to commit a crime." *State v. Clark* (1910), 83 Vt. 305, 309, 75 Atl. 534.

" '[F]eloniously' . . . implies intent . . . ." *People v. Locke* (1936), 275 Mich. 333, 337, 266 N. W. 370.

". . . the word feloniously . . . characterizes the acts charged in the information as being done with a criminal intent . . . ." *McGinnis v. State* (1907), 16 Wyo. 72, 80, 91 Pac. 936.

"The epithet 'felonious' has reference to the intention." *United States v. Smith* (Cir. Ct. E. D. Pa. 1861), 27 Fed. Cases 1134.

"The word *feloniously* . . . was intended to supply that element of the ordinary definition . . . implying criminal intent." *Hamilton v. State* (1895), 142 Ind. 276, 277, 41 N. E. 588.

" 'Feloniously' . . . means with criminal intent." *State v. Castner* (1922), 122 Me. 106, 107, 119 Atl. 112.

"[T]he word 'feloniously' . . . means . . . done with the intent to commit a crime . . . ." *State v. Clark* (1909), 32 Nev. 145, 152, 104 Pac. 593.

"The use of the word 'feloniously' was deemed a sufficient averment of the intent necessary to constitute the crime . . . ." *People v. Willett* (1886), 102 N. Y. 251, 253, 6 N. E. 301.

[3] "[T]he words 'unlawfully, feloniously' as used in the indictment mean that the act which they characterize proceeded from a criminal intent and evil purpose and thus exclude all color of right and excuse for the act. . . ." *Bise v. United States* (8th Cir. 1906), 144 Fed. Rep. 374, 375.

Under an information charging that accused did unlawfully and feloniously, having obtained possession of certain automobile of finance company by virtue of conditional sales contract, take, carry away and conceal automobile of the value of more than $100 while title to the automobile was in company and without consent of the title owner, words "unlawfully" and "feloniously" sufficiently charged criminal intent necessary to constitute an offense under statute. *State v. Shedoudy* (1941), 45 N. M. 516, 519, 118 Pac. 2d 280.

being charged, intent included. The two words and single reference were three roadmarkers directing defendant and counsel unerringly to the statute providing: "Whoever intentionally . . . sells . . . any lewd, obscene or indecent written matter, picture, sound recording, or film . . ." may be fined or imprisoned. The writer would hold that the amended information adequately informed the defendant and his trial counsel of "the nature and cause of the accusation against him." [4]

I am authorized to state that Mr. Justice LEO B. HANLEY joins in this dissent.

---

[4] *Holesome v. State* (1968), 40 Wis. 2d 95, 102, 161 N. W. 2d 283, stating: "In order to determine the sufficiency of the charge, two factors are considered. They are, whether the accusation is such that the defendant determine whether it states an offense to which he is able to plead and prepare a defense and whether conviction or acquittal is a bar to another prosecution for the same offense." (Citing *In re Carlson* (1922), 176 Wis. 538, 546, 186 N. W. 722; *Fink v. Milwaukee* (1863), 17 Wis. 27 (*26); *United States v. Aviles* (D. C. Cal. 1915), 222 Fed. Rep. 474.)