## STATE OF NORTH DAKOTA v. T. J. FORDHAM.

Opinion filed November 30, 1904.

**Robbery — Information.**

1. An information for the crime of robbery, as defined in section 7117, Rev. Codes 1899, is sufficient to charge a taking with intent to steal the property taken when it charges that the defendant "unlawfully, wrongfully and feloniously * * * did take and carry away," etc.

**Same — Instruction as to Intent — Request.**

2. It is the duty of the trial court to charge the jury in direct or equivalent terms that, to constitute robbery, the taking of the property must have been with intent to steal it, even though not requested so to do, such intent being a substantive element of this crime.

**Preliminary Examination.**

3. The record before the committing magistrate examined, and *held* to show that the defendant was given a legal preliminary examination on the crime for which an information was filed against him.

**"Wrongful" Equivalent to "Felonious."**

4. The word "wrongful," as used in the statute defining the crime of robbery, is to be construed as synonymous in meaning with the word "felonious."

Appeal from District Court, Grand Forks county; *Fisk, J.*

Thomas J. Fordham was convicted of robbery. From an order granting a new trial, the state appeals.

Affirmed.

*J. B. Wineman,* State's Attorney, and *B. G. Skulason,* Assistant State's Attorney, for respondent.

In filing an information the state's attorney is not confined to the offense mentioned in the complaint; he may file information for any offense covered by the allegation, or growing out of the transactions set forth in the complaint or necessarily connected therewith. Section 7983, Rev. Codes 1899; State v. Rozum, 8 N. D. 548, 80 N. W. 477.

In criminal cases instructions should not be given to the jury unless founded upon some evidence that has been adduced at the trial. People v. Graham, 21 Cal. 261; People v. Sanchez, 24 Cal. 17; People v. Murphy, 47 Cal. 103; People v. Estrado, 49 Cal. 171; People v. Vasquez, 49 Cal. 560; People v. Turley, 50 Cal. 469; People v. Atherton, 51 Cal. 495; People v. Cummings, 57 Cal. 88; People v. Hunt, 59 Cal. 430; People v. Gilbert, 60 Cal. 108.

Failure to charge, when no request is made, is not error. People v. Fice, 97 Cal. 459, 32 Pac. 531; State v. Haynes, 7 N. D. 352, 75 N. W. 267; State v. Lawler, 28 Minn. 216, 9 N. W. 698; State v. Rosencrans, 9 N. D. 163, 82 N. W. 422; Thompson on Trials, sections 2338-2341.

Although the court did not define robbery, but stated that if the evidence showed that the prosecutor was knocked or thrown down, and his money taken from him by the defendant, this would constitute robbery. This was sufficient. Miller v. State, 80 Tenn. 223; Lanford v. State, 49 N. W. 766; People v. O'Brien, 26 Pac. 362; State v. Dooley, 57 N. W. 414; United States v. Mays, 1 Idaho, U. S. 763; Long v. State, 12 Ga. 293.

*G. A. Bangs,* for respondent.

A preliminary examination is a complete independent judicial investigation. State v. Haseldahl, 3 N. D. 36, 53 N.. W. 430; State ex rel. Styles v. Beaverstad, 12 N. D. 527, 97 N. W. 548; State ex rel. Durner v. Haegin, 85 N. W. 1046; People v. Annis, 13 Mich. 511; Yaner v. People, 34 Mich. 286; People v. Christian, 35 Pac. 1043; Ex parte Nicholas, 28 Pac. 47.

Information must charge the same offense as the complaint on preliminary examination. People v. McMillan, 18 N. W. 390; People v. Handley, 52 N. W. 1032; People v. Evans, 40 N. W. 473; O'Hara v. People, 3 N. W. 161; Brown v. State, 64 N. W. 749; People v. Christian, 35 Pac. 1043; People v. Howland, 44 Pac. 342; People v. Parker, 27 Cal. 537; People v. Wallace, 29 Pac. 950; Ex parte Baker, 25 Pac. 966; State v. Farris, 51 Pac. 772;

Davis v. State, 22 S. W. 979; State v. Barnes, 3 N. D. 131, 54 N. W. 541.

It is a fundamental right of every person to be free from the expense, annoyance, humiliation and danger of a trial before a petit jury, save upon an accusation by a duly constituted tribunal based upon probable cause disclosed by oath or affirmation. Jones v. Robbins, 8 Gray 324; 2 Cooley's Blackstone, 306, bk. 4; 1 Wharton's Criminal Law, 152; State v. Barker, 12 S. E. 115; State v. Kingsley, 26 Pac. 1066; State v. Barnes, 3 N. D. 131, 54 N. W. 541; Art. 1, N. D. Const. sections 7, 8, 13 and 18.

The "right of trial by jury" and "due process of law" requires an indictment or presentment to adequately guard his right. Jones v. Robbins, supra; State v. Barnes, supra; In re Dolph, 28 Pac. 470; State v. Brett, 40 Pac. 873; State v. Bowser, 53 Pac. 179; State v. Little Whirlwind, 56 Pac. 820; State v. Barker, 12 S. E. 115.

After the filing of an information, arrest, arraignment and imprisonment or bail are required, by which one may be deprived of his liberty under a warrant based on information and belief. Section 18 Art. 1, Const. N. D.; Ex parte Burford, 3 Cranch (U. S.) 448, 2 L. Ed. 495; U. S. v. Collins, 79 Fed. 65; In re Way, 41 Mich. 299; Swart v. Kimball, 5 N. W. 635; People v. Swift, 59 Mich. 529; People v. Moore, 62 Mich. 496, 29 N. W. 80; Ex parte Dimmig, 15 Pac. 619; Ex parte Spears, 26 Pac. 608.

The information does not state facts constituting a public offense in this, that it does not allege an unlawful intent, or the animus furandi. U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135; U. S. v. Simmons, 96 U. S. 360, 24 L. Ed. 819; U. S. v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; Keck v. U. S., 172 U. S. 434; U. S. v. Hess, 124 U. S. 483, 31 L. Ed. 516; U. S. v. Britton, 107 U. S. 655, 27 L. Ed. 520; Blitz v. U. S., 153 U. S. 308, 14 Sup. Ct. Rep. 924; Moore v. U. S. 160 U. S. 268, 16 Sup. Ct. Rep. 294; Com. v. Bean, 14 Gray, 52; Com. v. Clifford, 8 Cush. 215; Mathews v. State, 4 Ohio St. 540; Com. v. Bean, 11 Cush. 414.

Felonious intent requires the same allegation and proof as in larceny. 2 Bishop's New Criminal Proc. 1007; Bishop's Directions and Forms, section 931; Sledge v. State, 26 S. E. 756; Mathews v. State, 4 Ohio St. 540.

Robbery is compound larceny and under an indictment for robbery the defendant may be found guilty of larceny. The indictment

must contain the essential allegations of larceny. Haley v. State, 4 S. W. 746; People v. Nelson, 56 Cal. 77; People v. Jones, 53 Cal. 58; People v. Crowley, 100 Cal. 480, 35 Pac. 84; People v. Git, 34 Pac. 1080; People v. Ammerman, 50 Cal. 15; State v. Segermond, 19 Pac. 370.

It is the duty of the court to interpret the indictment and give its legal effect. It must clearly instruct the jury as to the law of the case. All the essential elements of the crime must be given. Territory v. Baca, 71 Pac. 460; State v. McCasky, 16 S. W. 511; McDow v. State, 39 S. E. 295; State v. Fulford, 32 S. E. 377; Bailey v. State, 30 S. W. 669; Putnam v. State, 16 S. W. 97.

The intent to deprive the owner of the property to convert it in bad faith to a use not to his advantage, in other words to steal it, is an essential element of robbery. 2 Bishop's New Crim. Law, 1162a; State v. O'Connor, 16 S. W. 510; State v. Woodward, 33 S. W. 14; Mathews v. State, 4 Ohio St. 540; Com. v. White, 133 Pa. 182, 19 Atl. 350, 19 A. S. R. 628; People v. Hughes, 39 Pac. 492.

MORGAN, J.  The defendant was convicted of the crime of robbery from one Bert Click, and sentenced to three years in the penitentiary. Prior to entering a plea of not guilty, he moved to set aside the information upon the alleged ground that he had not been given a preliminary examination as provided by law for the offense for which he had been informed against. This motion was denied by the court. The information filed against him is as follows, so far as charging the offense is concerned: "That at said time and place the said T. J. Fordham violently, wrongfully and unlawfully did make an assault upon the person of one Bert Click, and then and there unlawfully, wrongfully and feloniously, accomplished by means of force and fear, did take and carry away from the person and possession of the said Bert Click, the owner thereof, against the will of the said Bert Click, a certain sum of money, to wit, five dollars in silver coin, lawful money of the United States, a more particular description whereof is to this informant unknown, and of the value of five dollars; also one pocket knife, the property of said Bert Click, of the value of one dollar; also one pair of link cuff buttons, the property of the said Bert Click, of the value of one dollar; also one engineer's license and engineer's book, property of the said Bert Click, of the value of one dollar; and therein did commit the crime of robbery. This contrary," etc. The defendant demurred to the information upon the ground,

among others that the same did not state facts sufficient to constitute a public offense. The demurrer was overruled. After trial, and before sentence, the defendant moved in arrest of judgment upon various grounds, and the motion was denied. Thereafter the defendant moved for a new trial upon the minutes and records of the court and upon a statement of the case to be settled. This motion contains twenty-nine specific grounds which were urged as errors warranting the granting of a new trial, but these alleged grounds may be summarized as follows: (1) The refusal to set aside the information upon the alleged ground that no preliminary examination was given to the defendant for the offense for which he was informed against; (2) the overruling of the demurrer interposed to the information; (3) errors in admitting certain evidence: (4) errors in instructions given to the jury and in refusing certain requested instructions. The court granted this motion for a new trial by a general order, not specifying the grounds upon which is based said order, and set aside the sentence theretofore imposed. The state has appealed from said order, and specifies as error the granting of that order.

If all of the defendant's exceptions were without merit, it was error to grant a new trial. The first error complained of is that the information should have been set aside for the alleged reason that no preliminary examination was given to the defendant for the offense charged in the information, and the defendant has for that reason not been convicted by due process of law. The record shows that the defendant, with four others, was brought before a justice of the peace, charged in the complaint with the crime of robbery, committed by them by taking $15.40, two knives, and shirt studs from four persons named therein, of whom Bert Click was one. The contention is that the crime charged by the information is a different crime from the one charged in the complaint before the committing magistrate. In the complaint before the magistrate and in the information the crime charged is robbery from the person. In justice court five persons were charged with jointly robbing four persons. In the information the defendant is separately charged with robbery committed by the same acts that he was charged with in the complaint before the magistrate in connection with the others, and for which charge he had a regular preliminary examination, and was regularly held to appear in the district court. The charge in the information is not different as a matter of law,

from the one contained in the complaint in justice court. A joint charge includes a separate charge against each person jointly charged. Defendant was not informed against by the state's attorney pursuant to an examination by him made under section 7983, Rev. Codes 1899. The information followed and was based exclusively upon a regular preliminary examination held by a committing magistrate pursuant to statute. We are not, therefore, called upon to consider the contention of the defendant that said section 7983 is unconstitutional so far as it authorizes the state's attorney to file an information against a person for a higher or different offense from that charged against him before the committing magistrate. After an inquiry and examination by him of all the facts of the case, we have no hesitancy in holding that the defendant has had a preliminary examination for the identical offense for which an information was filed against him. Conceding, however, that the two offenses are not identical, as charged in the complaint and in the information, still the motion to quash was properly denied under the previous decision of this court in construing section 7983. In State v. Rozum, 8 N. D. 548, 80 N. W. 477, the court said: "It is clear from these provisions that in filing an information the state's attorney is not limited strictly to the offense named in the complaint. How far he may depart therefrom we are not now called upon to decide. To this extent we are clear: The state's attorney may file an information for any offense covered by the allegations in the complaint, or growing out of the transaction therein set forth, or necessarily connected therewith. * * * In the case at bar the added allegation covered no further criminal act or criminal purpose on the part of the accused. * * * There was therefore no possibility that the accused could be surprised or prejudiced by reason of the added allegation, and under our statutes it was clearly proper." The offense charged in the complaint and the one charged in the information is that of robbery, and the constituent elements of that offense as charged in each are the same.

The defendant also urges that it was error to overrule his demurrer to the information upon the ground that it does not allege, directly or in substance, that the property was taken with intent to steal it. Robbery is defined in the statute as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means

of force or fear." The information in this case charges that the property was wrongfully and feloniously taken. Every ingredient of the crime, as defined by the statute, is covered by the allegations of this information. It is true that a taking with intent to steal is essential to constitute the crime of robbery, but the intent to steal is covered by the use of the word "wrongful." "Wrongful," in this connection, means not a mere taking without authority of law, but the word is to be construed in its most comprehensive meaning, and includes within its meaning a taking with an evil motive or with a criminal mind. In this connection it is synonymous with "felonious;" and it is well settled that the word "felonious," when used in defining the crime of robbery or larceny, implies an intent to steal. People v. Moore, 37 Hun (N. Y.) 84, 93, 94; State v. Bush, 47 Kan. 201, 206, 207, 27 Pac. 834, 836, 13 L. R. A. 607; State v. Hogard, 12 Minn. 293 (Gil. 191); State v. Rechnitz, 20 Mont. 488, 52 Pac. 264; People v. Ah Sing, 95 Cal. 654, 30 Pac. 796. See, also, authorities collected in note to section 211, Pomeroy's Annotated Code of California. The demurrer was properly over-ruled.

Error is also predicated upon the instructions given to the jury. This instruction is excepted to: "The first question, therefore, for you to decide, will be as to whether or not a crime was committed by somebody, as charged in the information; that is, as to whether or not, at the time and place mentioned, somebody took from the person of said Bert Click, against his will, and by means of force, the personal property described. * * * If you find that a crime was committed in the manner and form as charged in the information, then you will next determine as to whether or not this defendant is the person who committed such crime. * * *" The court had previously read to the jury the statutory definition of the crime of robbery, and also stated to them the allegation of the information. The court had also given them the following instruction: "The material allegations of the information are that at the time and place stated in the information the said Bert Click was robbed of the property mentioned in the information. * * * Second. That this defendant is the person who robbed him, or that he aided and assisted others in accomplishing such robbery." The objection urged against this instruction is that the intent with which the property was taken from Click is not stated as a material ingredient of the offense. The charge does not, in the instructions quoted, nor elsewhere, directly inform the jury that the property

must be taken with intent to steal it before the crime of robbery is committed. Nor are equivalent words used to inform the jury that the intent with which the property is forcibly taken is material. The general statements that, if the defendant had committed the crime charged in the information, he should be found guilty, is not sufficiently specific as to the ingredients of the crime of robbery. The intent with which the property is taken is a controlling element in robbery cases upon the question of guilt. The jury were not so informed in direct or equivalent language that such a taking only would warrant a conviction. The defendant was entitled to an instruction stating the substantive elements of the crime. The jury may well have inferred that a taking by force was a felonious taking, and constituted the crime of robbery. The crime of robbery, as defined by this statute, is substantially the same as the common-law crime of robbery. A wrongful taking of property by force or putting in fear is not necessarily robbery. Property may be thus taken under a bona fide claim of right, or under a defective process. In such cases the crime of robbery is not committed. There must exist a felonious taking, and, unless such taking is proven, no conviction can be sustained. The word "wrongful" in this statute must be construed as equivalent in meaning to the word "felonious;" that is, with intent to steal the property. As said in State v. Rechnitz, 20 Mont. 488, 52 Pac. 264: "But the mental element of larceny must, we think, be still marked by using the word 'feloniously' or by equivalent words. There must be accompanying the taking an evil intention. * * * And, after fully considering the statute of this state defining larceny, we find ourselves unable to construe it without importing into its meaning the qualifications ordinarily imported in the construction of criminal statutes, namely, that there must be a guilty mind as well as a guilty act to constitute a crime. * * * The principles which controlled before the adoption of a statutory rule should be applied afterwards as before, that the reason of the act may be arrived at, and a rational construction obtain." See, also, Clark on the Law of Crimes, section 379; State v. Fulford, 124 N. C. 798, 32 S. E. 377; State v. McCaskey, 104 Mo. 644; Sledge v. State, 99 Ga. 684, 26 S. E. 756; McDow v. State, 113 Ga. 699, 39 S. E. 295; State v. Oliver, 20 Mont. 318, 50 Pac. 1018. These cases establish the principle that the elements of the crime should be stated by the court in its charge, even in the absence of request, and such seems

to be the law laid down in the code in respect to the duties of the court in charging the jury. The duty of the court to charge the jury upon the law of the case is especially laid down in the statutes, and this cannot be held to mean less than that it is always necessary that the jury be fully instructed as to all the elements of the crime. After the court has instructed the jury that they must decide whether a crime "had been committed as charged in the information," he followed such statement by this general explanation: "That is, as to whether or not, at the time and place mentioned, somebody took from the person of said Bert Click, against his will, and by means of force, the personal property described in the information," etc. This explanation of the previous sentence, referring to the crime "as charged in the information," left out an essential ingredient of the crime—the felonious or wrongful taking— and was misleading. The words "felonious" and "wrongful," as applied to the taking of property as constituting robbery, should have been defined or explained. People v. Byrnes, 30 Cal. 207. That it is the duty of the court to charge fully as to the substantive elements of a crime is held in the following cases under statutes similar to our own: State v. Cody, 18 Or. 506, 23 Pac. 891, 24 Pac. 895; People v. Murray, 72 Mich. 10, 40 N. W. 29; State v. Clark, 78 Iowa, 492, 43 N. W. 273; State v. O'Hagan, 38 Iowa, 504; Lang v. State (Tenn.), 1 S. W. 318; State v. Banks, 73 Mo. 592. For the omission to charge the jury that the taking must be felonious, or with intent to steal the property, or by some other language defining that the taking must be wrongful in such sense, a prejudicial error was committed on the trial.

The order is affirmed. All concur.