BROWN *v*. STATE OF INDIANA

[No. 29,732. Filed May 18, 1959.
Rehearing dismissed September 12, 1960.]

*Lockyear & Lockyear, Theodore Lockyear, Jr.,* and *Thomas Lockyear,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Assistant Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit with the crime of armed robbery under Acts 1929, ch. 55, §1, p. 139, being §10-4709, Burns' 1956 Replacement. He was tried by jury, convicted of the crime of robbery, and sentenced to an indeterminate term of ten to twenty-five years in the Indiana State Prison.

The appellant assigns as error only the assignment "1. That the trial court erred in overruling Appellant's Motion for New Trial."

The appellant's motion for a new trial contained 42 separate and several grounds therefor and is too voluminous to set out here.

Appellant fails to discuss in his brief grounds numbered from one to eleven inclusive, and they are thereby waived. *Klink* v. *State* (1932), 203 Ind. 647, 650, 179 N. E. 549, 79 A. L. R. 272; *Barker* v. *State* (1919), 188 Ind. 263, 120 N. E. 593; *Hoover* v. *Weesner* (1897), 147 Ind. 510, 45 N. E. 650, 46 N. E. 905; *Hamilton* v. *Hanneman* (1898), 20 Ind. App. 16, 50 N. E. 43; Rule 2-17 (e) and (f) of Supreme Court.

Under causes No. 12, 13, 14 and 16 appellant assigns error in the refusal of the court to give his tendered instructions No. 13, 14, 15 and 18 on the question of intoxication.

Those instructions concerned the question as to whether or not the appellant was so intoxicated as to be incapable of forming the specific and felonious intent, necessary to be guilty of robbery of which he was convicted.

The appellee contends that these instructions were rightfully refused because they are covered by other instructions and were also properly refused because they contained incorrect statements of law. The offense

charged in this case included numerous lesser offenses, the definition of some of which does not include any specific intent. Each of the instructions No. 13, 14 and 15 would have told the jury in effect that if the proof failed to show the greater offense, they should acquit the defendant although as a matter of law they could, if the evidence warranted it, find him guilty of one of the lesser included offenses.

This question was involved in the case of *Brattain* v. *State* (1945), 223 Ind. 489, 61 N. E. 2d 462. That case involved the refusal of the court to give appellant's tendered instruction No. 6, and this court at pages 497-498 of 223 Ind. said:

"This instruction was properly refused in this particular case. It is true that evidence of intoxication is competent in a prosecution for any crime in which a specific intent is an essential ingredient of the offense, and when the degree of intoxication is such as to render a person incapable of entertaining a specific intent it is an effective defense as to such crimes. *Booher* v. *State* (1901), 156 Ind. 435, 60 N. E. 156, 54 L. R. A. 391; *Aszman* v. *State, supra.* [123 Ind. 347, 24 N. E. 123, 8 L. R. A. 33.] But it must be remembered that the offense charged herein includes the lesser offense of manslaughter, where no specific intent is required in order to support a finding of guilty. Gillett on Criminal Law (2nd Ed.), §499. This being the law, the jury would not have been warranted in acquitting the defendant on the sole ground that he was so intoxicated as to be incapable of forming a specific intent."

Upon such authority we must agree with the appellee that Instructions No. 13, 14 and 15 were erroneous and were rightfully refused.

Appellant's tendered Instruction No. 18, the giving of which was refused by the court, also referred to the

question of intoxication and would have instructed the jury on the question of insanity resulting from excessive use of intoxicants. This question was not presented by the pleadings filed in the case and the instruction was properly refused by the court.

Appellant has joined causes numbered 25 to 42 of his motion for new trial for argument. He states that each of the above causes presents the question as to whether or not the appellant in a criminal cause is entitled to the production of the statements, reports of the offense, or the supplemental report of the offense by certain police officers who were witnesses for the State for the use of appellant during cross-examination of witnesses. That question was decided adversely to the appellant by this court in the case of *Anderson* v. *State* (1959), 239 Ind. 372, 156 N. E. 2d 384.

Appellant's specification No. 17 of the motion for new trial is based on the giving of State's Instruction No. 1 over defendant's objection. The instruction complained of reads as follows:

"You, the jury, are instructed that if from all the evidence in this cause you, and each of you, believe beyond a reasonable doubt that the defendant, Andrew Laddie Brown, at the time and place did forcibly and feloniously take from the person of Tyline Morris any lawful and current money of the United States by violence or by putting her in fear, then you would be warranted in finding the defendant guilty of robbery as an included offense."

The objection to such instruction was as follows:

"The defendant objects to State's instruction No. 1 for the reason it is mandatory in nature, and that it omits the other elements of the crime."

*Weinzorpflin* v. *State* (1844), 7 Blackf. 186, 195; *Shinn* v. *The State* (1879), 68 Ind. 423, 425; *The*

*State* v. *Anderson* (1885), 103 Ind. 170, 173, 175, 2 N. E. 332; *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546; *State* v. *Fordham* (1904), 13 N. D. 494, 500, 101 N. W. 888,

> ". . . it is well settled that the word 'felonious,' when used in defining the crime of robbery or larceny, implies an intent to steal."

There was no error in the instructions given.

Judgment affirmed.

Landis, C. J., Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 158 N. E. 2d 290.