JAMES C. HITCH *v.* STATE OF INDIANA.

[No. 1270S312. Filed July 7, 1972. Rehearing denied September 15, 1972.]

*William C. Erbecker*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Darrel K. Diamond*, Deputy Attorney General, for appellee.

PRENTICE, J.—The defendant (appellant) was charged by affidavit in two counts of Robbery by Putting in Fear (1956 Repl. Burns Ind. Stat. Ann. § 10-4101, IC 1971, 35-13-4-6, Acts of 1941, ch. 148, § 6) and Robbery While Armed (1968 Supp. Burns Ind. Stat. Ann. § 10-4709, Acts of 1929, ch. 55, § 1 as amended by Acts of 1965, ch. 298, § 1). He was convicted of a lesser included offense of Theft From the Person under 1969 Supp. Burns Ind. Stat. Ann § 10-3030, IC 1971, 35-17-5-3, Acts of 1963 [Spec. Sess.] ch. 10, § 3) and he was fined $1,000.00 and sentenced to imprisonment for not less than one nor more than ten years. His motion to correct errors assigns four general errors pursued by this appeal: (1) Sufficiency of the charging affidavit to withstand his motion to quash, (2) sufficiency of the evidence to withstand his motion for a directed verdict at the conclusion of the State's evidence, (3) the court's refusal to give certain instructions hereinafter set forth, and (4) the verdict was a compromise, the offense of which he was convicted not being a lesser included offense of the one for which he was charged.

(1) The charging affidavit, in pertinent parts, was as follows:

## "COUNT I

"That on or about the 19th day of March, 1969, at and in the County of St. Joseph, State of Indiana, at 111 West Ewing Street, South Bend, County and State aforesaid, one JAMES C. HITCH did then and there unlawfully, feloniously and forcibly and by violence and putting one Roger Finley in fear, rob, take and steal from the person of said Roger Finley, Five Hundred and Two Dollars ($502.00) in good and lawful currency of the United States of America, then and there belonging to the Ewing Cafe, 111 West Ewing Street, South Bend, County and State aforesaid, contrary to the form of Statute in such cases made and provided and against the peace and dignity of the State of Indiana.

## "COUNT II

"That on or about the 19th day of March, 1969, at and in the County of St. Joseph, State of Indiana, at 111 West Ewing Street, South Bend, County and State aforesaid, one JAMES C. HITCH, being then and there over the age of sixteen (16) years, to-wit: twenty six (26) years of age, did then and there unlawfully, feloniously and forcibly while armed with a certain gun, to-wit: a 380 cal. Colt automatic gun, Serial No. 74264, rob, take and steal and carry away the personal goods and chattels of the Ewing Cafe, 111 West Ewing Street, South Bend, County and State aforesaid, to-wit: Five Hundred and Two Dollars ($502.00), in lawful and current money of the United States of America, contrary to the form of Statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The motion to quash and supporting memorandum, in pertinent parts, was as follows:

## "MOTION TO QUASH

"Comes now the defendant in the above entitled cause of action and respectfully requests the court to quash Counts I and II of the affidavit hereinbefore filed for the following reason, to-wit:

**"—1—**

The affidavit does not state facts sufficient to constitute a public offense.

**"—2—**

The affidavit does not state the offense charged with sufficient certainty.

WHEREFORE, defendant respectfully prays that both Counts I and II of the affidavit be quashed.

/s/ Patrick Brennan
Patrick Brennan
Attorney for Defendant

## "MEMORANDUM

No cause of action is shown in either Count I or Count II of the affidavit."

The rule in effect at the time of the filing of the motion to quash was Rule 1-3B, adopted June 28, 1960, effective September 1, 1960, which is the same as the current Criminal Rule 3 (A) and is as follows:

"Rule 1-3B. Memorandum to be Filed with Motion to Quash. In all cases where a motion is made to quash an indictment or affidavit, a memorandum shall be filed therewith stating specifically wherein such indictment or affidavit does not state the offense with sufficient certainty (fourth)'; or wherein the facts stated in the indictment or affidavit do not constitute a public offense (second) ; or if the motion is based upon the ground (first or third) that the grand jury which found the indictment had no legal authority to inquire into the offense charged, or that the indictment or or affidavit contained any matter which, if true, would constitute a legal justification of the offense charged, or other legal bar to the prosecution, such matter and such lack of authority shall be specifically set forth in the memorandum.

The party so filing such motion shall be deemed to have waived his right thereafter to question the indictment or affidavit on any ground not so specified in the memorandum."

The purpose of the memorandum rule is to enlighten the Court. A memorandum which, as here, merely repeats the

conclusions of the motion does not fulfill such purpose and therefore does not meet the requirements of the rule. It is unrealistic to think that counsel may, by a mere suggestion of error, thrust upon the court the burden of independently exhausting the possibilities that he may correct. Reasons and authorities are the lawyers' work product and become the tools of the court, without which it cannot function. There was no error in the overruling of the motion to quash.

(2) The evidence in the case disclosed the following: The defendant came into the Ewing Cafe at approximately 12:45 a.m. and asked the bartender for a loan, which was refused. The conversation between the two lasted beyond 1:00 a.m., at which time the bartender began his preparation for closing, and he was unable to say whether or not the defendant left the tavern. Most of the lights were turned out, leaving the room dimly lighted. Approximately ten minutes after the aforementioned conversation had been concluded, two masked men entered the cafe through the main entrance, which was the only entry that was not locked. The taller of the two was the approximate size of the defendant, wore a black coat and had a gun in his hand. He ordered the bartender to hand over the money, whereupon the bartender placed a cigar box containing the money upon the bar. The bandit then removed the money, placed it in his pocket and ordered everybody present to turn over their wallets and to lie on the floor. In addition to the bartender, there were five patrons and a waitress in the room, and they all complied. Earlier, the police had received a call that there were two masked men on the street in front of the Ewing Cafe. As they arrived to investigate, they observed a masked man, with a gun in his hand, backing out the door. When they ordered him to halt, he ran back into the room. Two shots were fired, which momentarily deterred the entry of the police. Mr. Jackey, a patron, was lying on the floor. When he heard the door close, he began to rise but heard a shot and the masked man

say "Keep your head down." The masked man ran behind the bar, removed his coat and went into the kitchen area, returned and fired another shot, leaned over the bar and yelled, "One is still here" and laid down on the floor. When the police entered, they found several people lying on the floor. The defendant was pointed out to them as the bandit by Mr. Jackey and by the waitress. The premises were searched, and the police found a black coat containing two men's wallets, a mask, gloves and $502.00 in the pocket. A gun was found in the beer cooler behind the bar. At the trial, Mr. Jackey identified the defendant as the bandit. The foregoing evidence was ample to withstand the defendant's motion for a directed verdict and the subsequent verdict.

Upon the issue of the sufficiency of the evidence, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706.

(3) The court refused the defendant's tendered preliminary instructions number 1 and 4 which were as follows:

### "PRELIMINARY INSTRUCTION NO. 1

Each and all of the instructions you are about to receive, and which are about to be read to you by the Court, are advisory only, for the Constitution of the State of Indiana provides, as a part of the Bill of Rights, as follows: 'In all criminal cases the jury shall have the right to determine the law and the facts.' This provision is stated in simple language, and, you know what it means; it means simply that you have the right to determine the law and the facts. Therefore, although the Court's instructions are entitled to

your respectful consideration, yet they are not binding on your conscience."

## "PRELIMINARY INSTRUCTION NO. 4

"Under the Constitution of the State of Indiana you are given the right to determine both the law and the facts of this case, but it is your duty to administer the law, if valid, as you actually find it to be, regardless of whether or not you think the law is as you think it should be. You are not at liberty to set aside the law, if valid, and disregard it for no reason whatever. These instructions of the court are not to bind your conscience, but are to enlighten your judgment, and it is your sworn duty to follow and adminis- ter the law regardless of the consequences. This means that jurors, under their oaths, should honestly, justly and impartially follow the law, if valid, as it exists in each particular case, and they should so judge the laws, if valid, as to give them all a fair and honest interpretation to the end that each and every law in each and every case may be fairly and honestly enforced. Under your oath as jurors you are required to determine the law correctly."

It is the defendant's contention that the denial of these instructions resulted in a failure to instruct the jury that it was the judge of the law and the facts. However the following excerpts from the court's preliminary Instruction No. 7 was sufficient for such purposes:

"You are instructed that this being a criminal case you are the exclusive judges of the evidence, the credibility of the witnesses and the weight to be given to their testi- mony, *and you have a right also to determine the law in the case.* The court does not intend to express any opinion concerning the weight of the evidence, but it is the duty of the court to advise you as to the law, and it is your duty to consider the instruction of the court; *yet in your decision upon the merits of the case you have a right to determine for yourselves the law as well as the facts by which your verdict shall be governed.* * * *." (Emphasis added)

It is not error to refuse an instruction covered by other proper instructions. *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N. E. 2d 525; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502.

Further, tendered Instruction No. 1 was erroneous insofar as it instructed that the jury was the *exclusive* judge of the law. This question was resolved to the contrary in the very case that Appellant has cited in support of the erroneous instruction, *Beavers* v. *State* (1956), 236 Ind. 549, 141 N. E. 2d 118. Chief Justice Arterburn writing for a unanimous Court said:

"Considering appellant's tendered Instruction No. 9 we find no provision in the constitution that warrants stating to the jury that it is the *exclusive* judge of the law in criminal cases. On the other hand, the constitution vests the judicial powers 'in a Supreme Court, in Circuit Courts and such other courts as the General Assembly may establish.' Art. 7, § 1, Constitution of Indiana.

The Supreme Court has no jury functions. Its judicial powers include the determination of the law under the same constitution which grants such power to a jury. If possible, the provisions of the constitution must be construed together, and not so as to create a conflict. To say the jury is the *exclusive* judge of the law would cause an irreconcilable conflict in the operation of at least two of the provisions of the constitution. We also know in practice that the judge in criminal cases determines the law in all procedural matters; that during the trial the judge, not the jury, determines the law as to the admissibility of the evidence, and thereafter on a motion to direct an acquittal, or for a new trial he again determines the law. If a jury is the *'exclusive'* judge of the law, then it should determine all such questions of law including the competency of the evidence so offered. If the jury is the exclusive judge of the law one may be asked what right does a trial court have to set aside a jury's verdict because it is contrary to law, or the evidence is insufficient when measured by legal rules? If the jury is the exclusive judge of the law its verdict of guilty would be final regardless of the court's belief that it was rendered in legal error. Juries are not at liberty to create new offenses, or find a defendant guilty of an offense not charged even though they might attempt to do so, because the judge in the last analysis has a duty under his oath to invoke the constitution, and prevent a travesty on justice. Parker et al v. State (1894), 136 Ind. 284, 35 N. E. 1105. It has been said that juries are judges of the law only in the sense that their verdicts of acquittal are not

open to correction when they disregard the law. 11 Minn. Law Review (1927), p. 472.

'While the jury, under such a provision, have the right to determine both the law and the facts, it is not strictly true that they are the *sole* judges of the law of the case. Such a provision means that the jury have the right to determine all questions of law applicable to such matters as they are required to consider in making up their verdict. It is their duty to apply the law to the facts of the case, and they have to be judge of both, to come to a conclusion as to both. But the constitutionality of a statute under which a person is prosecuted is a matter for the court to determine, and it is the duty of the jury to accept the court's determination thereof.' (Our italics.) 53 Am. Jur., Trial § 279, p. 236.

It is quite apparent that legally and factually it is erroneous to say that the jury is the 'exclusive' judge of the law in criminal cases regardless of what may have been inadvertently stated in the past by this court as a result of very little, if any, examination of this question." 236 Ind. 557, 558.

The defendant's tendered preliminary instruction No. 7 was as follows:

"In determining the weight and credit to be given the testimony of each witness, you may take into consideration:

1. His opportunity and capacity for observing and recollecting the matters about which he testifies.

2. His conduct and demeanor while testifying.

3. His interest, or lack of interest, if any be shown, in the result of this action.

4. His bias and prejudice, if any be shown.

5. His candor and fairness.

6. The probability or improbability of his testimony in view of all the other evidence, facts and circumstances proved during the trial.

7. Whether his testimony has been corroborated or contradicted by other credible evidence.

You may also take into consideration any and all other facts and circumstances appearing in the evidence which may aid you in determining whom you will believe or not believe."

The court's preliminary instruction No. 7, *supra,* continued as follows:

"It is your duty to reconcile the statements of witnesses so as to give credence to all of the testimony, if you can, on the theory that the defendant is innocent; but if you can not do this on account of contradictions, then upon you rests the responsibility of determining whom you will or will not believe.

You are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them. In determining the credit to be given any witness you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence in the case.

From all of the evidence, you will determine the guilt or innocence of the defendant, and make your verdict accordingly."

The factors set forth in that portion of the court's preliminary instruction No. 7 last above quoted covered, in substance, those contained in the defendant's tendered preliminary instruction No. 7. In *Brewer* v. *State* (1969), 253 Ind. 154, 252 N. E. 2d 429 we said:

"We cannot say that because a rule of law is not worded in a particular way, it is *per se* erroneous." 253 Ind. at 162.

Defendant's tendered final instruction No. 1 was refused. It was as follows:

"Members of the jury, I charge you, that if the testimony in this case, in its weight and effect, be such that two (2) conclusions can be reasonably drawn from it, the one favoring the defendant's innocence, and the other tending to establish his guilt, then the law, justice and humanity alike, demand that the jury shall adopt the former and find the defendant not guilty."

The defendant contends that the refusal of such instruction was error in that there was insufficient direct evidence to

convict, hence he was entitled to the tendered instruction as a correct statement upon the weight and effect of circumstantial evidence. He errs in his major premise. As can be readily seen from the foregoing recital of the evidence, his conviction did not depend upon inferences to be drawn from circumstantial evidence. There was circumstantial evidence presented that supported and strengthened the direct evidence, but the direct evidence, standing alone, would have been sufficient to convict. Instructions upon circumstantial evidence are not required to be given where the evidence of guilt is direct and positive or where some is direct and some is circumstantial. *Wolfe* v. *State* (1928), 200 Ind. 557, 159 N. E. 545.

Defendant's tendered final instruction No. 2 was refused. It was as follows:

"The law presumes that the defendant, James C. Hitch, is a man of good character and in this case I instruct you that you should consider the evidence in the light of this presumption."

Although the tendered instruction was correct as an abstract proposition of law, *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632; *Ross* v. *State* (1932), 204 Ind. 281, 182 N. E. 865; *Holland* v. *State* (1892), 131 Ind. 568, 31 N. E. 359, the defendant has failed to cite us to any case where the jury was so instructed, and our independent research has disclosed none. We are of the opinion that the instruction, as tendered, would tend to overemphasize the presumption and be an invasion of the province of the jury to determine its weight. It is to be noted from *Holland* v. *State, supra*, and *Ross* v. *State, supra*, that if, under the evidence, the jury is satisfied beyond a reasonable doubt of a defendant's guilt, the good character of the defendant is of no avail. And in *Chesterfield* v. *State, supra*, we held to be proper an instruction that informed the jury that if, after considering all the evidence they found beyond

a reasonable doubt that the defendant was guilty, then the fact, if it was a fact, that his reputation for peace and quietude was good, would not avail as a defense. From the foregoing cases, we are of the opinion that an instruction such as the one tendered would be proper if, and only if, it is qualified by also instructing that the jury is the judge of the weight to be given to such presumption and that if it should be satisfied, beyond a reasonable doubt of the guilt of the defendant, after a full consideration of all the evidence and such presumption, then, in view of that view of the case, though the jury might believe the defendant had a good character before the alleged crime, that would not avail him as a defense or entitle him to an acquittal.

The defendant's third tendered final instruction, hereinafter set forth, was properly refused, inasmuch as he did not testify, and his reputation for truth and veracity was thus not in issue.

"Members of the jury, I instruct you the law presumes the defendant's reputation for truth and veracity to be good, and you should pass upon and weigh the defendant's testimony in this case in the light of that presumption. You have no right to disregard or disbelieve the testimony of the defendant, merely because he stands accused by the affidavit in this case."

Defendant's tendered final instruction No. 5 was also refused. It was as follows:

"In criminal cases such as this, the entire burden of proof is upon the state, from the beginning to the end of the trial, and this burden of proof never shifts from the state to the defendant, and the defendant is not bound to explain anything, and his failure to explain anything connected with this case cannot be considered by you as a circumstance tending to prove his guilt."

There is nothing favorable to the defendant in the above tendered instruction not embodied in his tendered final instructions No. 9 and No. 28, which were as follows:

## "DEFENDANT'S INSTRUCTION NO. 9

The defendant is presumed to be innocent of the offense charged against him until proven guilty beyond a reasonable doubt; and this presumption of his innocence is with him in the beginning and continues in his favor throughout the trial step by step. And it is your duty to weigh the evidence in the light of this presumption, and it is also your duty to reconcile all the evidence with this presumption of the defendant's innocence, if you can. The burden of the proof is upon the prosecution, not only when the trial begins, but through all its stages, for this presumption of the defendant's innocence makes it so at first and keeps it so to the end."

## "DEFENDANT'S INSTRUCTION NO. 28

The fact that the defendant has not testified in this case raises no presumption against him and you must give no thought to the fact that the defendant did not testify in his own behalf in this case in arriving at your verdict."

(4) The final question for consideration is whether the offense of theft from the person under Burns Ind. Stat. Ann. § 10-3030, IC 1971, 35-17-5-3, Acts of 1963 [Spec. Sess.] ■ ch. 10, § 3 and Burns Ind. Stat. Ann. § 10-3039 (5) (e), IC 1971, 35-17-5-12, Acts of 1963 [Spec. Sess.] ch. 10, § 12 is a lesser included offense from robbery by putting in fear, *supra*. Appellant contends that the two offenses are incompatible because theft is accomplished by "stealth and in a surreptitious manner." The tests for included offenses, however, have recently been stated in *Hash* v. *State* (1972), 258 Ind. 692, 284 N. E. 2d 770. We there observed that in determining whether one offense is an included offense of the other, it is necessary to look to the statutes, the charging affidavit or indictment and to the evidence of the particular case. The beginning point is the statute, and in this connection the rule has been clearly stated in *Watford* v. *State* (1957), 237 Ind. 10, 15, 143 N. E. 2d 405, as follows:

" '. . . to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to com-

mit the greater without first having committed the lesser. This being true, the court is compelled to hold that if a party is charged with a given crime, he can not be convicted of another crime of lesser magnitude under the provisions of Section 2148, *supra,* [§ 9-1817, Burns' 1956 Replacement], unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense, together with the added element which makes the difference in the two offenses.' "

Under such test, it is immediately apparent that it would be impossible to commit the offense of robbery by putting in fear without having committed a theft from the person. Robbery by putting in fear requires a taking from the person of another an article of value by putting such person in fear. A theft from the person is committed when one obtains unauthorized control over property of the owner with intent to deprive the owner of the use or benefit thereof. If the offense is accomplished without putting in fear the person from whom control of the property is obtained, it is a theft from the person, but if the element of putting such person in fear is added, then the offense is robbery by putting in fear. The taking of something from the person of another by putting him in fear of necessity is an obtaining of unauthorized control of such property. In essence, the charge of simple theft under the statute, i.e. theft not from the person, is the same as our former charge of larceny. We have previously held that "* * * Robbery is a larceny in which the taking of property is accomplished by violence or threat of violence to the person from whom the property is taken; it is an aggravated larceny. * * * But under our present definitions of robbery and larceny one cannot be guilty of the offense of robbery without having committed the acts which constitute the offense of larceny. * * *." *Jacoby* v. *State* (1936), 210 Ind. 49, 54-55, 199 N. E. 563.

In this respect, we cannot distinguish between theft under our present statute and larceny under the earlier one. When

we look to the charging affidavit in the case at bar, we find no allegations that would restrict the robbery alleged to a set of circumstances that would not necessarily include a theft from the person, and when we look to the evidence, we find support for a conviction of both robbery by putting in fear and theft from the person. We acknowledge an apparent incongruity in that, as contended by the defendant, it appears that since he offered no evidence, the same evidence presented by the State which supported a verdict of robbery from the person equally supported a verdict of robbery by putting in fear. It is by virtue of this that the defendant insists that the verdict was a compromise verdict and invalid. The jury, however, was not required to find that the taking from the bartender was accomplished by putting him in fear, although there was considerable evidence to that effect. When it is clearly established that the crime charged was consummated and that the accused, who denies any connection with such crime, is either guilty of the crime charged or none at all, there is no basis for a verdict of guilty of a lesser offense. It was for this reason that an instruction upon the lesser included offense was properly denied in *Hash* v. *State, supra.* Where, however, the evidence is sufficient to support the verdict of the lesser offense, the verdict cannot be considered a compromise. 23 A Corpus Juris Secundum Criminal Law § 1374.

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 783.