WALTER CARTER, VERNON COLE *v*. STATE OF INDIANA.

[No. 372A114. Filed December 29, 1972. Rehearing denied February 9, 1973. Transfer denied April 23, 1973.]

*Palmer K. Ward,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—This is an appeal by defendants-appellants, Walter Carter and Vernon Cole (Carter and Cole), who were charged by Indictment with Robbery By Putting In Fear and convicted of the lesser included offense of Theft From The Person of James E. Martin (Martin), both being sentenced for one to ten years terms. We affirm.

FACTS—On the evening of June 5, 1971, Martin accompanied Carter and Cole and an unidentified third party to various Indianapolis bars. After having several drinks, Carter and

Cole asked Martin if he would like to go to an after-hours place, to which Martin consented. During trial, Martin described the subsequent events:

"Q. Where did you go?
A. We went west on New York Street and there they said, 'Well, we have to'—said, 'Up this alley is a short-cut', and we went up the alley and three quarters of the way through the alley I was robbed.
Q. Now, . . .
THE COURT: What happened?
A. I was robbed, beaten and robbed.
Q. Who went up the alley, when you say we?
A. The two defendants [Carter and Cole], and their buddy, and myself.
Q. All right, and what happened in the alley?
A. I was beaten and robbed.
Q. And, can you tell us who did that?
A. Well, all three of them did, primarily, but the one that they didn't catch was the one that really done me in.
Q. All right, now, as to Mr. Carter and Mr. Cole, what did they do?
A. Well, they both struck me, and as a result of the injuries, I had to spend some time in the hospital."

Martin further testified that the three men robbed him of approximately $65.00.

Soon after these events transpired, two officers of the Indianapolis Police Department travelling west on Michigan Street from Meridian saw Martin, bleeding from the face and holding his stomach, coming out of the alley east of Illinois Street. The officers stopped, and after Martin explained he had just been beaten and robbed by three men who were still in the alley, the police car, with Martin in the rear seat, entered the alley. There they observed three men standing who fled as the police car approached. Carter and Cole were apprehended and identified by Martin. The third man escaped. While one officer was handcuffing Cole, he stated that "It

was not my idea to rob that fellow. It was the other." The officers recovered $23.00 from Carter and $20.00 from Cole.

Carter and Cole were charged by a Grand Jury Indictment with the crime of *Robbery By Putting In Fear (Robbery herein)*. The indictment reads:

> "The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that WALTER CARTER and VARNON [*sic*] COLE on or about the 5th day of JUNE, A. D. 1971, at and in the County of Marion and in the State of Indiana, *did* then and there *unlawfully, feloniously, forcibly* by violence and putting JAMES E. MARTIN in fear, *take from the person and possession of the said JAMES E. MARTIN, money*, then and there of the value of Sixty-five and 00/100 Dollars ($65.00), in lawful money, which property the said JAMES E. MARTIN then and there lawfully held in his possession, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana." (Emphasis supplied.)

Trial was to the court on October 26, 1971. Both men were found guilty of *Theft From The Person (Theft herein)* as a lesser included offense of the crime of Robbery.

## ISSUES

ISSUE ONE. Is the Indictment charging Carter and Cole with Robbery, under which they were convicted of the lesser included offense of Theft, fatally defective in that it failed to allege intent on their part to deprive the owner of the use or benefit of property (money), which is an essential element of the lesser included offense of Theft?

ISSUE TWO. Was there sufficient evidence as to every element of the crime of Theft to sustain a conviction?

Carter and Cole allege that in order to convict a defendant of the crime of Theft, the Indictment must specifically charge

all of the elements of the Offenses Against Property Act and that one element, to-wit, that the defendant intended to deprive the owner of the use or benefit of the owner's property, is missing.

The State replies that the crime of Theft is a necessarily lesser included offense in the crime of Robbery. The law does not require an indictment to charge every element of the offense in the exact words of the statute and a conviction may be sustained as the evidence demonstrates beyond a reasonable doubt that Carter and Cole did take money from Martin, thus depriving him of the use and benefit of his property.

Carter and Cole assert the evidence is insufficient because the State failed to prove there was any property in the possession of Carter and Cole which was taken as a result of the Robbery and that the amount alleged to have been taken is sheer speculation.

## DECISION

ISSUE ONE—The Indictment charging Carter and Cole with Robbery under which they were convicted of the lesser included offense of Theft is not fatally defective for failing to specify the element of intent to deprive the owner of the use or benefit of property (money), which is an essential element of Theft.

The statute defining the crime of Theft (From The Person) is Ind. Ann. Stat. § 10-3030 (Burns Supp. 1972) :

"10-3030. THEFT IN GENERAL.—A person commits theft when he (1) knowingly:

(a)  obtains or exerts unauthorized control over property of the owner ; or

* * *

(e)  *obtains by threat control over property of the owner* * * * ; or

* * *

(g)  * * * ; and

(2)  either :

(a) *intends to deprive the owner of the use or benefit of the property;* or

* * *

(c) uses, conceals or abandons the property in such manner as knowingly to deprive the owner of such use or benefit; or

(d) uses, conceals or abandons the property knowing such use, concealment or abandonment probably will deprive the owner of such use or benefit." (Emphasis supplied.)

The Indiana statute concerned with lesser included offenses is Ind. Ann. Stat. § 9-1817 (Burns 1956). "The beginning point is the statute * * *." *Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783. It provides:

"9-1817. ONE OFFENSE INCLUDED IN ANOTHER. In all other cases, *the defendant may be found guilty of any offense,* the commission of *which is necessarily included in that* with which he is *charged in the indictment* or affidavit. [Acts 1905, ch. 169, § 272, p. 584.]" (Emphasis supplied.)

(Herein § 1817).

Note the words "necessarily included."

The purpose of § 1817 is to authorize conviction of a necessarily lesser included offense where the indictment or affidavit specifically charges a greater offense. *Burnett* v. *State* (1954), 233 Ind. 651, 122 N.E.2d 468; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498; *Watford* v. *State* (1957), 237 Ind. 10, 143 N.E.2d 405; *West* v. *State* (1950), 228 Ind. 431, 92 N.E.2d 852. The necessarily lesser included offense need *not* be charged as such in the indictment or affidavit in order to authorize a conviction. Where the evidence presented is sufficient to establish a necessarily lesser included crime, 9-1817 authorizes conviction of the necessarily lesser included offense. *Watford* v. *State, supra; Burnett* v. *State, supra; West* v. *State, supra; Kleopfer* v. *State* (1928), 200 Ind. 287, 163 N.E. 93.

The defendant may be found guilty of any necessarily lesser included offense in the greater crime charged *without such*

*lesser offense being stated in a separate count in the indictment or affidavit. Watford v. State, supra; Burnett v. State, supra; West v. State, supra; Kleopfer v. State, supra.* Moreover, the lesser offense must be such that it is impossible to commit the greater offense as charged in the indictment or affidavit, without first having committed the lesser offense. *Hatfield v. State* (1961), 241 Ind. 225, 171 N.E.2d 259; *Young v. State* (1967), 249 Ind. 286, 231 N.E.2d 797; *Hobbs v. State* (1969), 253 Ind. 195, 252 N.E.2d 498; *Thomas v. State* (1970), 254 Ind. 600, 261 N.E.2d 588.

The recognized test has been that to constitute a lesser included offense, all the elements of the lesser offense must be contained in the greater offense charged in the indictment or affidavit which, in addition, contains other elements not a part of the lesser offense. *Watford v. State, supra; Hobbs v. State, supra; Hatfield v. State, supra; Young v. State, supra; Thomas v. State, supra.*

However, our Supreme Court in *Hash v. State* (1972), 258 Ind. 692, 284 N.E.2d 770, seems to have qualified the above tests by saying:

> "The foregoing test [as stated in *Hobbs, supra*], however, must not be administered merely by applying the elements of the respective crimes as defined by the statutes; but rather, *it is also necessary to look to the charging affidavit or indictment to see if a lesser offense is necessarily included in the greater one,* as charged. * * * *In addition to the statutes,* then, *we must also look to the wording of the offense charged* in each case to determine what lesser offenses, if any, are included." (Emphasis supplied.)

We do not interpret the underscored language used by Justice Prentice as overruling by implication the cases cited above which have interpreted § 1817 to mean that an accused may be convicted of a necessarily included lesser offense of a greater offense charged provided the lesser offense includes some but not all identical elements of the greater one and if it is impossible to commit the greater offense without having committed the lesser one.

Looking "to the wording of the offense charged" in the indictment or affidavit does not create the need for the same specificity if only the lesser offense had been charged. While *Hash* requires that the language of the statute be looked to, we find no implication that each and every element of the lesser crime be spelled out as though it were the sole offense charged. Supporting this interpretation is *Hitch* v. *State, supra,* decided the day after *Hash* was handed down, which used language in the Affidavit almost identical to the Indictment before us. To adopt any other interpretation is to sound the death knell of an already anemic statute (§ 1817) and to overrule most of the decided cases cited above spelling out the doctrine of necessarily included lesser offenses.

In *Hitch* the defendant was indicted for Robbery By Putting in Fear and subsequently convicted of the lesser included offense of Theft From The Person. The language of the Affidavit in *Hitch,* as in the Indictment we are considering, failed to allege specifically that the defendant intended to deprive the owner of the use or benefit of the property. The Supreme Court upheld the conviction of the necessarily lesser included offense of Theft From The Person, saying:

> "* * * it is immediately apparent that it would be impossible to commit the offense of robbery by putting in fear without having committed a theft from the person. Robbery by putting in fear requires a taking from the person of another an article of value by putting such person in fear. A theft from the person is committed when one obtains unauthorized control over property of the owner with intent to deprive the owner of the use or benefit thereof. If the offense is accomplished without putting in fear the person from whom control of the property is obtained, it is a theft from the person, but if the element of putting such person in fear is added, then the offense is robbery by putting in fear. *The taking of something from the person of another by putting him in fear of necessity is an obtaining of unauthorized control of such property.*" (Emphasis supplied.)

We think that the language that Carter and Cole did "feloniously . . . by violence . . . take from the person" of Martin

is sufficient to specify the element of theft that the accused "obtains by threat control over property of the owner" and "intends to deprive the owner of the use or benefit of the property." *Hitch* v. *State, supra.*

We recognize the fundamental principle of criminal procedure which requires sufficient specificity in the language of an indictment to give the defendant notice of the crime or crimes with which he is charged. Even so, the language of the Indictment was sufficient notice to Carter and Cole that they could be convicted of Theft in lieu of Robbery. It is a *necessarily included lesser offense*—not merely a lesser possible offense.

§ 1817 operates to lessen the need for specificity in the affidavit or indictment if, and only if, the conviction is of a *necessarily included lesser offense* as those words have been consistently interpreted by the cases cited above. Such an interpretation plus an examination of the evidence (*infra*) seems to afford ample protection to an accused.

We are aided in this conclusion not only by *Hitch,* but by the recognized principle that the exact language of the statute violated need not be set out in the indictment; rather, words which import the same meaning used in lieu of statutory language will be sufficient. *Sullivan* v. *State* (1957), 236 Ind. 446, 139 N.E.2d 893; *Hazlett* v. *State* (1951), 229 Ind. 577, 99 N.E.2d 743; *Chandler* v. *State* (1895), 141 Ind. 106, 39 N.E. 444.

Carter and Cole cite *Miller* v. *State* (1968), 250 Ind. 338, 236 N.E.2d 173, as authority for the proposition that Theft cannot be covered in their Indictment because there is no specific allegation that they intended to deprive the owner of the use and benefit of the property. For the reasons recited above there need be no such specificity. In addition, *Miller* is distinguishable in that all it decided was that there was insufficient evidence to support the conviction of the crime of

Theft of Stolen Property and that the indictment did not include an essential element of the offense charged. Reiterated by Justice Hunter there, is the well recognized general rule that an affidavit or indictment must include averment of each essential element of the crime charged—a proposition with which there can be no quarrel. Note that Miller was charged with and convicted of the *same crime, i.e.,* Theft of Stolen Property, and no question of a lesser included offense was in any way involved in this decision.

ISSUE TWO—There was sufficient evidence of the crime of Theft to sustain the conviction.

The law of lesser included offenses as now enunciated by our Supreme Court requires that in order to make a determination whether a conviction of a lesser included offense is proper, "it is necessary to look to the statutes, the charging affidavit or indictment and to the evidence of the particular case." *Hitch* v. *State, supra; Hash* v. *State, supra; Crump* v. *State* (1972), 259 Ind. 358, 287 N.E.2d 342.

This involves no expanded scope of inquiry as to the validity of a conviction of a necessarily lesser included offense insofar as looking to the evidence is concerned because taking such a look can be considered but another application of the familiar principle that any conviction must be supported by substantial evidence of probative value of each element of the offense for which an accused is convicted.

Our look at the evidence before the trial court reveals there was clear and uncontroverted evidence supporting each element of the crime of Theft. In addition to positive identification by the victim, Cole at the time of his arrest acknowledged that he and Carter had participated in the beating and theft from Martin by stating to one of the officers: "It was not my idea to rob the fellow. It was the other."

The conviction is therefore affirmed.

Sullivan and White, JJ., concur with opinions.

## CONCURRING OPINION

WHITE, J.—If the indictment alleged *merely* the words of the robbery statute one might well question whether it includes a charge of theft. Insofar as here pertinent, the statute declares that "[w]hoever takes from the person of another any article of value by violence or putting in fear, is guilty of robbery. . . ."[1] For some unexplained reason (heretofore apparently unnoticed by courts and textbook writers) the adverbs "forcibly and feloniously," which had previously characterized the verb "takes," were deleted from the robbery statute when it was re-enacted in 1941.[2] However, it appears that the forms of indictment, affidavit, and jury instruction in common use have continued to define robbery in the traditional language.

So we find that the indictment at bar alleges that defendants "did . . . *feloniously*, forcibly by violence and putting . . . in fear, . . . [etc.]." (Our emphasis.) As was said of a jury instruction in *Brown* v. *State* (1959), 241 Ind. 14, 19, 158 N.E.2d 290, 292, " 'it is well settled that the word "felonious," when used in defining the crime of robbery or larceny, implies an intent to steal.' "[3]

In *Robinson* v. *State* (1888), 113 Ind. 510, 512, 16 N.E. 184, 185, it was held:

> "The taking and carrying away are felonious or not, depending on whether the taker intended at the time permanently to deprive the owner of his property without his consent, or whether he merely intended temporarily to use it wrongfully, mischievously or wantonly, it may be, and

---

1. Ind. Ann. Stat. § 10-4101, IC 1971, 35-13-4-6, Ind. Acts 1941, Ch. 148, § 6.

2. Ind. Acts 1941, Ch. 148, § 13, repealed Acts 1905, Ch. 169, § 357, as last amended by Acts 1921, Ch. 59, § 1.

3. Quoting *State* v. *Fordham* (1904), 13 N. D. 494, 500, 101 N. W. 888, 889. The instruction had told the jury that if it believed, etc., "that the defendant . . . did forcibly and feloniously take from the person of Tylene Morris any . . . money . . . by violence or putting her in fear, then you would be warranted in finding the defendant guilty of robbery. . . ." The objection was that it "omits . . . elements of the crime."

then return or abandon it to the owner without substantial injury. Taking, though wrongful, for a mere temporary purpose, is not larceny."

As against the objection that the indictment fails to charge the crime of theft because it fails expressly to allege that the taking was with intent to deprive the owner of the use and benefit of the property, the indictment is good. *Miller* v. *State* (1968), 250 Ind. 338, 346, 236 N.E.2d 173, 176, is readily distinguishable in that its affidavit attempted to charge theft by receipt of stolen property in the words of the Offenses Against Property Act[4] and failed expressly to allege the requisite intent. Here the charge was not alleged in the words of the O.A.P. Act, but in the words of the robbery act, plus "feloniously," which clearly alleged a taking from the person with intent to deprive the owner of the use and benefit of his property. *Miller* involved no question of whether the stealing which is included in robbery can be alleged in the traditional language of larceny as well as in the newer language of theft. Since the elements of theft from the person[5] are identical to larceny,[6] with the added element of "from the person,"[7] they are all included in this traditionally alleged charge of robbery.

## Concurring Opinion

SULLIVAN, J.—I concur in the decision and opinion of Presiding Judge Buchanan with a single exception.

4. Ind. Ann. Stat. § 10-3028 *et seq.* (Burns 1972 Supp.), IC 1971, 35-17-5-1, Ind. Acts 1963, Ch. 10, as amended.

5. The elements of "Theft" are set forth in Ind. Ann. Stat. § 10-3030 (Burns 1972 Supp.), IC 1971, 35-17-5-3, Ind. Acts 1963, Ch. 10, § 3.

6. See Ind. Ann. Stat. §§ 10-3001, 10-3002 (Burns 1956 Repl.), Ind. Acts 1941, Ch. 148, § 9, and Ind. Acts 1929, Ch. 156, § 2, both repealed by O.A.P.A.

7. The penalties for the various types of theft and other crimes defined in O.A.P.A. are specified in Ind. Ann. Stat. § 10-3039 (Burns 1972 Supp.), IC 1971, 35-17-5-12, Ind. Acts 1963, Ch. 10, § 12, as last amended by 1971 P. L. 458 § 2. Paragraph (5) provides (regardless of the value of the stolen property) a fine up to $5,000.00 and/or imprisonment of 1-10 years and disfranchisement if "(e) the theft was from the person".

I am unable to rationalize a point of distinction made by Presiding Judge Buchanan with respect to *Miller* v. *State* (1968), 250 Ind. 338, 236 N.E.2d 173. The primary opinion states:

"Note that Miller was charged with and convicted of the *same crime, i.e.,* Theft of Stolen Property, and no question of a lesser included offense was in any way involved in this decision."

The foregoing language takes cognizance of the following holding in the *Miller* case:

"To commit theft, § 10-3030, supra, requires either intent to deprive the owner permanently of the use and benefit of the property, or using, concealing or abandoning the property in such manner as knowingly to deprive the owner, or in such manner as will probably deprive the owner permanently of such use or benefit. This element of intent is not charged in the affidavit in this case and therefore, no crime is charged." 250 Ind. 338, 346.

I am unable to harmonize that language with the clear implication of *Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783, which upheld a conviction of Theft from the Person pursuant to an affidavit charging Robbery. The affidavit did not allege "intent to deprive the owner of the use or benefit" of the property taken, an essential element of the offense, other than as such allegation may be implicit in an allegation that the defendant did "feloniously . . . take . . .".

It is the fact that the charge involved in the appeal before us includes the word "feloniously" which in my view, provides the only basis for distinction from *Miller* v. *State, supra,* and which by virtue of *Hitch* permits affirmance of the conviction below notwithstanding the failure of the indictments here to specifically allege an intent to deprive the owner of the use or benefit of the property.

I note that the charging affidavit in *Miller* v. *State* alleged that the act was "unlawfully" committed rather than "feloniously". Such linguistic variation is fragile underpinning for

distinguishing that case from *Hitch* and from the case before us. *Mann* v. *State* (1933), 205 Ind. 491 at 494, 186 N.E. 283 at 284.

It is my belief that the *Hitch* decision impliedly overruled *Miller* v. *State, supra* to the extent hereinbefore discussed. To reason otherwise is to uphold convictions of an offense, e.g., Theft, necessarily included in a greater offense charged, e.g., Robbery, notwithstanding the failure of the charge to specifically include an essential element of the lesser offense (e.g., intent to deprive use or benefit), yet on the other hand, strike down convictions of the same crime (i.e., Theft) upon the reasoning that the affidavit or indictment failed to include an essential element (i.e., intent to deprive) solely because the crime charged and the crime of which the defendant is convicted is the same crime. Such an interpretation of Ind. Ann. Stat. § 9-1817 is not only legally inconsistent and illogical but is fundamentally unfair and of questionable constitutionality.